No. ——

First Circuit Appeal

---

GLOBE INDEMNITY COMPANY v. J. R. QUESENBERRY AND WIFE

---

(Dec. 30, 1924, Opinion and Decree.)
(Feb. 18, 1925, Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Marriage—Par. 173.
The husband, merely as such, is not responsible for the tortious acts of his wife.
(Civil Code, Art. 2315, Editor's note.)

2. Louisiana Digest—Marriage—Par. 267, 268; Pleading—Par. 62.
An exception no cause of action will be sustained to a suit against the husband

for the tortious acts of his wife where it is not alleged that the wife was his employee, servant, or acting as agent for him.

### ON THE MERITS.

3. **Louisiana Digest—Automobiles—Par. 8; Negligence—Par. 42.**

Where an auto unoccupied left standing suddenly rolls down a hill causing a show-window glass to break, if no negligence of party leaving auto can be proven, no damages are allowed.

(Civil Code, Article 2315. Editor's note.)

Appeal from the Parish of Iberia, Hon. James Simon, Judge.

This is a suit for damages to a show-window glass by an auto against husband owner and wife driver. There was judgment for plaintiff against wife and she appealed. The judgment for husband is affirmed and against wife reversed.

Provosty and Vuillemont, of New Iberia, attorneys for plaintiff and appellee.

Burke & Smith, of New Iberia, attorneys for plaintiff and appellant.

LECHE, J. Plaintiff as subrogee and transferee of Frank Beaullieu, sues the defendants, husband and wife, as jointly and severally liable to it, for damages alleged to have been caused by the fault and negligence of the wife.

Mrs. Quesenberry drove an automobile into Beaullieu's filling station, stepped out of the machine and went away. After she had left, the automobile rolled against a show-window glass which was broken by the impact. Plaintiff indemnified Beaullieu and sues in its capacity aforesaid to recover the value of the glass.

An exception of no cause of action as to the defendant husband was filed and maintained, but another judgment was subsequently rendered which condemns the wife, only, for the damages. Both judgments have been appealed.

1. The automobile was the property of the husband but was under the sole and entire control of the wife when the accident occurred. The husband was not present. It is not alleged that the wife was using the machine under the direction of her husband or that she was acting as agent of her husband. It is not contended that she was an employee or servant of her husband. The question of law then raised by the exception of no cause of action, is whether under these facts, the husband by the mere fact of occupying the relationship of husband, is liable for the negligence of the wife, granting that there was negligence.

The only Article of the Civil Code, that we have been able to find, bearing upon this situation, is Art. 2317, which expressly imposes on us responsibility for the acts of persons for whom we are answerable. Subsequent Articles, with a view of defining the modifications under which we are responsible for the acts committed by persons for whom we are answerable, speak of minors, insane persons, servants and overseers, scholars and apprentices. Nowhere does the Code prescribe in so many words, that husbands are answerable for the tortious acts of their wives. Indeed the tendency of late legislation is to liberate the wife from the yoke of the husband and to bestow upon her many rights heretofore withheld from her. It follows as a corollary that to grant her additional personal rights is to burden her with a corresponding increase of personal responsibility.

Several decisions of our Supreme Court are cited in brief of counsel, but we do not consider them appropriate to the facts of this case. We are also asked to adopt what counsel call the "Family Purpose Doctrine" of other States, under which the husband and father is held responsible for all damages caused by any member of the family in the operation of an automobile which is intended for the benefit of the members of such family. In this state,

liability for damages must be clearly expressed or implied from the terms of the statute, Art. 2315 of the Code, and as we find no such provision either in that article or those following, establishing such liability on the part of the husband, we do not believe that plaintiff has any cause of action against the defendant husband.

2. On the trial of the merits, it was of course encumbent upon plaintiff to show negligence on the part of Mrs. Quesenberry. The circumstances under which the show-window glass was broken are shown to be, that in accordance with her custom and habit, she drove the Dodge automobile into Beaullieu's filling station and to quote her own language which is not disputed: "I was teaching school and I would leave the car at the garage and go on to school, and I had driven in to leave the car. I was driving very slow because I saw the car, the other car. I got out of the car before it went into the glass at all. I had stopped my car like I always do. Put on the brakes and had it on neutral. It seems to have coasted a little. I was about a yard away from the car." She further states that the car did not move until she was out of it. She is sure it was in neutral and that she had taken her key. These are the only relevant facts to which she testifies. No other witness saw the car move, though they heard the crash when the glass was broken. No one can positively state what caused the car to roll after Mrs. Quesenberry got out of it. It is not pretended that the engine was running and the only accountable force that could have moved it, is gravitation. We understand from Mr. Beaullieu's testimony that the floor of his station is not level, that it slants towards the street and it may be that the weight of the car started it diagonally down the incline and thus brought it in contact with the glass. Again it may be that some other outside force, unseen by those who testified, may have driven that car against the show window. But these are only surmises.

The facts in the record do not present a case coming under the doctrine of "Res ipsa loquitur" and we do not feel justified in finding Mrs. Quesenberry guilty of negligence under the condition of the proof as presented to this court.

For these reasons the demand of plaintiff against each of the defendants is rejected and the judgment in favor of Mr. Quesenberry is affirmed and that against Mrs. Quesenberry is reversed, plaintiff to pay all costs.

---

## DISSENTING OPINION OF JUDGE ELLIOTT.

I dissent from the opinion and judgment of the majority of the court in the above case.

I think Mrs. Quesenberry should have applied brakes to her automobile in a way sufficient to hold it and that her failure to do so was a negligent act and that the glass window was broken as a result of her negligent act and that plaintiff should recover the amount of damage thereby sustained.

But I contend that the wife is not liable under our law on account of what was done, I take no notice of the "Family Purpose Doctrine" of other states and believe that our Civil Code should only be applied to for authority.

Under the Civil Code the damage done by Mrs. Quesenberry was a community debt due by the community which presumably exists and of which Mr. Quesenberry is the head and master and responsible party.

I think judgment should be rendered against him for the damage and that no judgment should be rendered against his wife.