OLGA SPANKO, BY HER NEXT FRIEND, JOSEPH SPANKO, AND JOSEPH SPANKO, INDIVIDUALLY, RESPONDENTS, v. HENRY SPITALNICK, ALSO KNOWN AS HARRY SPITALNICK, APPELLANT.

Submitted October 8, 1924—Decided February 19, 1925.

1. A person who leaves an automobile in a public street unattended is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances. Failure to exercise such care whereby the machine, without any willful interfering act of another, but by force of gravity or some other cause reasonably to be anticipated or guarded against, gets under way and inflicts injury, renders such person liable therefor in an action for damages.

2. Where defendant left his automobile unattended standing on a street at a point where there was considerable down grade, and shortly thereafter the car started down the street unattended, gained considerable momentum, and ran into the plaintiff, and the evidence was conflicting whether the automobile was so left with the engine running, the question of the defendant's negligence was for the jury, it not appearing that the automobile was started by a meddler.

---

On appeal from the Essex County Common Pleas Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Samuel D. Williams.*

For the respondents, *James B. Furber* and *William F. Nies.*

The opinion of the court was delivered by

TRENCHARD, J.   This is the defendant's appeal from a judgment for the plaintiff, entered upon the verdict of a jury, in an action brought to recover damages sustained by the plaintiff when struck by the defendant's runaway automobile.

We are of the opinion that there is no merit ·in the contention of the appellant that a nonsuit should have been granted or a verdict directed for the defendant on the ground that there was no evidence of negligence upon the part of the defendant.

We think there was such evidence.

At the trial the evidence tended to show that the defendant drove his automobile down South Orange avenue, Newark, and stopped at the curb; at a point where there was considerable down grade, and left such automobile unattended and went into a nearby house; that shortly thereafter the car started down the street unattended, and, gaining momentum, mounted the curb, and struck and injured the plaintiff, who was standing on the sidewalk.

Of course, motor vehicles are in common use, and an automobile is not regarded as a dangerous instrumentality *per se,* but the possibility of danger from careless handling is obvious. *Wilson* v. *Brauer,* 97 *N. J. L.* 482.

Now, the general rule is that a person who leaves an automobile in a public street unattended is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances. Failure to exercise such care, whereby the machine, without any interfering willful act of another, but by force of gravity, or some other cause reasonably to be anticipated or guarded against, gets under way and inflicts injury, renders such person liable therefor in an action for damages. *American Express Co.* v. *Terry,* 126 *Md.* 254; *Oberg* v. *Berg,* 90 *Wash.* 435.

In the instant case we think that the evidence tended to show a want of such reasonable care upon the part of the defendant. It showed that the defendant left his automobile at a point where there was considerable grade, the descent being in the direction in which the machine was headed. True, the defendant testified that before thus leaving the machine unattended in the street, he stopped the engine and set the brake (as required by section 14 (7) of the Motor Vehicle act—*Pamph. L.* 1921, *p.* 666), and "pulled the wheel a little toward the curb." But there was no evidence—not even a suggestion—that anyone meddled with or touched the automobile after the defendant left it. Moreover, from the testimony given by a little girl, it might well be inferred that the engine was running at the time the car struck the plaintiff, and immediately thereafter was shut off by a policeman. Considering the circumstances disclosed by the evidence, in the light of this testimony, we think it was open to the jury as reasonable men to discredit the defendant's testimony, in whole or in part, as to precautionary measures, and to find that the machine started because of his failure to take reasonable care in securing or safeguarding it when he left it standing on the down grade. Hence, the question of the defendant's negligence was for the jury, and the motions to nonsuit and for a direction were properly denied.

The judgment will be affirmed, with costs.