151 So.2d 701 (1963)
Mrs. Necia LANDRUM, Plaintiff and Appellant,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY and J. F. Landrum, Defendant and Appellee.
No. 809.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1963.
*702 Harold J. Rhodes, Berwick, for plaintiff-appellant.
Gahagan & Gahagan, by Marvin F. Gahagan, Natchitoches, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff, Mrs. Necia Landrum, filed suit against her husband and his liability insurer alleging that she received personal injuries as a result of her husband's negligence in leaving his unattended automobile parked on the steeply inclined driveway of defendant's home, without setting the emergency brake or placing the transmission gears in the parked position. Mrs. Landrum alleges that after the automobile had been parked there 20 or 30 minutes, she attempted to get in the front seat to drive the car but, before she touched the gear lever or the foot brake, the automobile started rolling backwards dragging her along the driveway and causing the alleged injuries.
Defendant filed an exception of "No Cause or Right of Action" on the grounds that plaintiff's petition did not "show any actionable negligence on the part of the defendant, J. F. Landrum * * *" (This *703 actually is a contention that plaintiff has stated no cause of action, rather than that plaintiff lacks a right of action against these particular defendants. LSA-C.C.P. Article 927; Clark v. Physicians & Surgeons Hospital, Inc., La.App., 131 So.2d 144) Defendant then amended this exception alleging that the suit must be dismissed because plaintiff and defendant, J. F. Landrum, are still married and a wife cannot sue her husband in tort during the existence of the marriage. (The grounds added by the amendment relate to plaintiff's right of action against J. F. Landrum, rather than her cause of action.)
The lower court sustained the exception of "No Cause or Right of Action" and dismissed plaintiff's suit as to both defendants. In her brief filed in this court plaintiff admits she cannot sue her husband in tort during the existence of the marriage, thereby acknowledging the trial court was correct in holding plaintiff has no right of action against J. F. Landrum. But, even though plaintiff has no right of action in tort against her husband, the jurisprudence clearly gives her a right to sue her husband's liability insurer in tort, under our direct action statute. LSA-R.S. 22:655.
The principal issue on appeal is whether plaintiff's petition states a cause of action, i. e., does it allege any actionable negligence on the part of her husband, J. F. Landrum, the insured of the defendant, United States Fidelity & Guaranty Company.
The pertinent allegations of plaintiff's petition read as follows:
"5.
"That approximately twenty (20) to thirty (30) minutes before the accident, defendant Landrum had parked the car on an incline in front of petitioner's house, without setting the emergency brake or fully placing the Chevrolet in a parked position, which parked position locks the rear wheels and acts as a positive braking action.
"6.
"That when your petitioner opened the door to drive the said car and placed her right foot inside the car, with her right buttocks on the seat, petitioner being rather portly or stout by statue, the car suddenly began moving swiftly, in a rearward motion down the steeply inclined drive, dragging your petitioner along the driveway while in the car and finally hurling her to the driveway.
"7.
"That when petitioner got in the automobile or attempted to get in the automobile, petitioner did not touch the gear lever which she thought was in a parked position and that the foot brake was so located that she could not tell whether the foot brake was in a locked position.
"8.
"That the accident occurred through the sole negligence of defendant, J. F. Landrum, which petitioner itemizes as follows:
"(A) In failing to depress the emergency or foot brake to its on position.
"(B) In failing to properly place the car in a parked position with the gear lever.
"(C) In failing to warn your petitioner.
"(D) In failing to act reasonable and prudent under the prevailing circumstances.
"(E) In the careless and reckless manner in parking the car on the inclined driveway when he knew, or should have known, that because of the inclined driveway, that the car should be in a parked position and the brake set to prevent it from rolling backward into the street."
*704 A general statement of the applicable law is found in 16 A.L.R.2d 983 reading as follows:
"A person who leaves an automobile in a public street unattended is under a duty to exercise such care in doing so as a person of ordinary prudence would exercise in the circumstances, and failure to exercise such care, whereby the machine without any interfering, wilful act of another, but by force of gravity of some other cause reasonably to be anticipated or guarded against, gets under way and inflicts injury, renders such person liable therefor in action for damages. Spanko v. Spitalnick (1925) 101 N.J.L. 5, 127 A 663."
Several Louisiana cases follow the above stated general rule. In Hamiter v. Duncan, 78 So.2d 80 (La.App. 2 Cir., 1955) defendant parked his car on an incline and, at some time during the day, the car rolled down hill into plaintiff's vehicle. The court applied the doctrine of res ipsa loquitur reasoning that a prima facie case of negligence was established where defendant did not testify that the emergency brake was still set or the transmission lever still in high gear after the accident.
In the case of Holliday v. Hartford Accident & Indemnity Company, 38 So.2d 235 (La.App. 2 Cir., 1949) the court found defendant guilty of negligence per se in violating the statutory rule of the road against leaving an unattended vehicle on any grade without setting the brakes and turning the front wheels to the curb (Act 286 of 1938, Sec. 3, Rule 15(e)) and noted that it was dangerous to park a vehicle on an incline and leave it unattended without setting the brake.
Many similar cases from the appellate courts of our sister states are found cited in the annotation in 16 A.L.R.2d 979-1014.
As we understand defendant's argument, it is that since the automobile had been parked on the driveway for about 30 minutes without moving, it is apparent that the cause of it suddenly moving backwards was something done by plaintiff as she attempted to get into the car. Defendant contends that under the allegations of the petition it must have been negligence of the plaintiff, rather than any negligence of the defendant, which actually caused the vehicle to move backward from its parked position.
We are unable to agree with this contention. Under the above cited jurisprudence, we think Mr. Landrum was clearly guilty of negligence, under the allegations, in leaving the vehicle parked on the steeply inclined drive "without setting the emergency brake or fully placing the Chevrolet in a parked position, which parked position locks the rear wheels and acts as a positive braking action." The mere fact that the vehicle did not move backward for 20 or 30 minutes after it was parked does not negative this negligence on the part of Mr. Landrum. It is reasonable to assume from the allegations that during this 20 or 30 minutes the vehicle maintained a very delicate balance against the gravitational pull to roll downgrade. Then it suddenly moved swiftly to the rear as plaintiff disturbed this delicate balance by opening the door and attempting to get into the car. Mr. Landrum should have anticipated such an eventuality and guarded against it by setting the brakes or the gear or both. This is the theory of plaintiff's case and we think it is sufficiently alleged. Certainly it cannot be contended that Mr. Landrum's negligence had become passive and therefore not a legal cause of the accident. The doctrine of "passive negligence" has been repudiated by our Supreme Court in the recent case of Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298.
In its brief filed in this court defendant relies on the case of Globe Indemnity Company v. Quensenberry, 1 La.App. 364 (1 Cir.). In that case the defendant testified she stopped her car, put on the brakes and left the gear in neutral. Later the car moved forward and broke a show window *705 glass. The court held there was no evidence to show what caused the car to start moving downgrade. The court also refused to apply the doctrine of res ipsa loquitur so as to find defendant negligent.
We think the Globe Indemnity Company case is distinguishable from the instant suit. Here it is specifically alleged that Mr. Landrum was negligent in failing to set the emergency brake or place the gears in the locked position. The allegations also show that this negligence resulted in the car suddenly rolling downgrade when plaintiff attempted to get in to drive.
Having concluded the petition does allege actionable negligence on the part of Mr. Landrum, we next address ourselves to the contention made in defendant's brief that plaintiff was guilty of contributory negligence barring her recovery. The short answer to this contention is that contributory negligence has not been properly pleaded. Contributory negligence is an affirmative defense which must be specially pleaded in defendant's answer. LSA-C.C.P. Article 1005. However, this general rule is subject to the exception established by jurisprudence, that the issue of contributory negligence may be raised by way of the peremptory exception of no cause of action. See Gilliam v. Lumbermens Mutual Casualty Co., 240 La. 697, 124 So.2d 913 and the cases cited therein. We find no provision of our New Code of Civil Procedure, effective as of January 1, 1961, which legislatively overrules this exception to the general rule. However, we think it is now clear under the provisions of LSA-C.C.P. Article 924 that an exception of no cause of action, based on contributory negligence, must state this grounds in the exception with particularity. The so-called "blanket" exception has been eliminated from our procedural law by LSA-C.C.P. Article 924. Since defendant in the instant case has failed to state with particularity, in its exception of no cause of action, that contributory negligence is a grounds for the exception, that issue is not before us.
For the reasons assigned, the judgment appealed is affirmed insofar as it decrees that plaintiff has no right of action against the defendant, J. F. Landrum. The judgment is reversed and set aside insofar as it sustains the exception of no cause or right of action against the defendant, United States Fidelity & Guaranty Company, and this case is remanded to the district court for further proceedings. All costs of this appeal are assessed against the defendant, United States Fidelity & Guaranty Company.
Affirmed in part, reversed in part, and remanded.