HAMITER, Justice.
 

 Plaintiff instituted this action to obtain damage awards for herself and her minor child, the claim having arisen out of the death of her husband that resulted from a highway intersectional collision in East Baton Rouge Parish on October 27, 1954. Involved in the mishap were an automobile occupied by the decedent (as a guest passenger) and a motor ambulance belonging to the State of Louisiana. At the time the latter vehicle was being used in connection with operations of the East Louisiana Hospital and driven by an employee of that state agency.
 

 Named defendants initially were the respective drivers and liability insurers of the two vehicles. However, in her original petition plaintiff reserved the right to proceed also against the state upon obtaining its consent.
 

 In 1956 the Legislature enacted Blouse Bill No. 387 which purportedly granted to plaintiff authority to sue the state (the enactment received a veto of the Governor but it is of no importance with respect to this litigation). Thereafter, in a supplemental petition she joined the state as a party defendant and pleaded that it, under the doctrine of respondeat superior, -was responsible in damages for the alleged negligence of the ambulance driver.
 

 On being cited the state tendered numerous exceptions, including those of no right and no cause of action. These were overruled.
 

 All defendants having filed appropriate answers, a trial of the merits was had. Thereafter, the district court rendered a
 
 *171
 
 solidary judgment in favor of plaintiff and against the driver of the ambulance, its liability insurer, and the state. The suit as against the driver of the automobile (in which decedent was a guest passenger) and the liability insurer thereof was dismissed.
 

 Plaintiff and the state appealed to the Court of Appeal of the First Circuit (the insurer of the ambulance did not appeal, it having paid the claim to the extent of its contractual liability), and that tribunal affirmed the judgment of the district court. See 96 So.2d 854.
 

 On the application of the state we granted a writ of certiorari or review, restricting our consideration of the cause to the state’s exceptions of no right and no cause of action.
 

 At the outset we deem it proper to point out that plaintiff concedes that the operation of the ambulance when causing the death of her husband was in furtherance of an undertaking by the state in a governmental capacity. Accordingly, the controversy presents no issue respecting the state’s liability for a tort committed by an employee while engaged in the exercise of a proprietary function.
 

 Next, it is important to note that there exists a distinction between the traditional immunity of the state from suit (it is well settled that, except in eminent domain actions, the state cannot be sued without its consent) and its long recognized immunity from liability vel non as respects actions based on torts committed by agents engaged in the performance of governmental functions. This was indicated in the relatively early case of Bass v. State, 34 La.Ann. 494, the court there observing:
 

 “It is remarkable that the law upon which rest all actions for the reparation of injury sustained, wisely provides to the extent only, that:
 

 “Every act of man, that causes damage to another obliges him, by whose fault it happened, to repair it.
 

 “It does not include the sovereign, the State, who, as a rule, cannot be sued. The maxim is ‘rex non potest peccare.’ In such cases, the rule ‘respondeat superior,’ does not apply.
 

 “This is so true, that no action can be brought against the State without her permission, that her consent had to be obtained and was given to authorize the present suit.
 

 “The consent to be sued does not at all imply an admission or a confession of liability. It is a mere act of grace which does not relieve the plaintiff from the obligation of making out his case, both in fact and in law. * * *”
 

 Also, the distinction was recognized in Westwego Canal and Terminal Company, Inc. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, 390. Therein we said: “It has been held, and now appears
 
 *173
 
 to be well settled, that the provisions in Act 95 of 1921, Ex.Sess., whereby the Highway Commission is declared to be a body corporate and that as such it may sue or be sued, does not authorize suits against the Commission for the recovery of damages ex delicto. Kilberg v. Louisiana Highway Commission, 8 La.App. 441; Orgeron v. Louisiana Power & Light Co., 19 La. App. 628, 140 So. 282, in which writs of certiorari and review were refused by this Court.”
 

 And in Lewis v. State, 207 La. 194, 20 So.2d 917, 919, cited herein by plaintiff, we gave recognition to the distinction. Plaintiff there had filed her tort action under the authority of Act No. 273 of 1942. At the time Section 35 of Article 3 of the Louisiana Constitution simply provided as follows : “Whenever the Legislature shall authorize suit to be filed against the State, it shall provide a method of procedure and the effect of the judgments which may be rendered therein.” We concluded that such provision did not forbid the Legislature from voluntarily assuming tort liability and, further, that the provisions of Act 273 of 1942 evidenced the intention of both creating a cause of action in favor of the plaintiff and waiving immunity from suit. In reaching this conclusion we commented:
 

 “Although it is not liable therefor, unless it has voluntarily assumed such liability, the State has the capacity to commit tortious acts, and, as in other cases, where the State has failed to exercise the care required of it, and thereby an injury is sustained, it is guilty of an act of negligence. * * * The State may likewise waive its exemption from liability for the torts of its officers and agents and prescribe the conditions for recovery and where it has voluntarily assumed such liability recovery may be had against it. * *
 

 “It can not be disputed that it was the intention of the Legislature in adopting Act 273 of 1942, including the title as well as the body of the act, to grant Miss Annie C. Lewis, the plaintiff herein, the right to sue the State on the cause of action set forth in the legislative enactment. * * *
 

 jjc >¡í sjc
 
 if. Hji
 

 “
 
 * * * The act creates a cause of action in favor of Miss Annie C. Lewis, the plaintiff herein, for the injuries she suffered by reason of the negligence of the superintendent and employees in charge of the Central Louisiana Hospital, an institution owned and operated by the State at Pineville. * * * ”
 

 Again, in Angelle v. State, 212 La. 1069, 34 So.2d 321, 324 [2 A.L.R.2d 666], we observed:
 

 “A reading of the petitions in the instant cases makes manifest that the causes of action are founded on the negligence of the Department of Agriculture * * *.
 

 
 *175
 
 “Under such allegations, it becomes clear that the real basis for the asserted liability is the dereliction by state agents and not appropriation of private property by the State. But the doctrine of respondeat superior has no application to the state and it may not be sued for torts of its agents even though it has otherwise waived its immunity to suit. * * *”
 

 In view of the foregoing authorities this plaintiff does not have a right and a cause of action against the state unless they, as she contends, were provided by House Bill No. 387 that was adopted by the Legislature in 1956.
 

 Section 1 of that enactment recites: “Be it enacted by the Legislature of Louisiana that suit against the State of Louisiana, through the Department of Institutions of the State of Louisiana, is hereby authorized to be filed and prosecuted to judgment by Mrs. Aliene Hopwood Duree, a resident of lawful age of the Parish of East Baton Rouge, State of Louisiana, in her individual capacity and in her capacity as the duly qualified natural tutrix of the minor child. Diane Michele Duree, on a claim for damages resulting from a motor vehicle collision and the wrongful death of Jack Wayne Duree, husband of Mrs. Aliene Hopwood Duree and father of Diane Michele Duree, who was killed October 27, 1954, at the intersection of Airline Highway (United States Highway (190) and Greenwell Springs Road (Louisiana State Highway #37) in the Parish of East Baton Rouge, State of Louisiana, as a result of the negligence of the Department of Institutions, its agents, employees, or representatives.” Undoubtedly this section granted to plaintiff the authority and right to sue the state.
 

 Furthermore, Section 1, when considered alone, seemingly furnished to plaintiff a remedy that otherwise she did not have. But Section 6 of the enactment must also be taken into consideration; and when that is done it is clear that the legislation did not create in her favor a cause of action. It declares: “That nothing in this act shall be construed as conferring on the said Mrs. Aliene Hopwood Duree individually, or as the duly authorized natural tutrix of the minor child, Diane Michele Duree, any different or greater claim or cause of action than she or they may have had before the passage of this act; the purpose of this act being merely to waive the State’s immunity from suit insofar as the suit herein authorized is concerned.”
 

 We might observe that House Bill No. 387 of the 1956 Legislature (particularly Section 6 thereof) was obviously passed in conformity with an amendment adopted
 
 *177
 
 in 1946 to Section 35, Article 3, of the Louisiana Constitution, and for us to interpret such legislation as plaintiff asks us to do would render it unconstitutional. The mentioned constitutional amendment, the submission and adoption of which were apparently influenced by the decisions in Lewis v. State, supra, and Crain v. State, 23 So.2d 336 (both rendered in 1945), reads as follows: “Whenever the Legislature shall authorize suit to be filed against the State it shall provide the method for citing the State therein and shall designate the •court or courts in which the suit or suits authorized may be instituted and may waive any prescription which may have accrued in favor of the State against the claim or ■claims on which suit is so authorized. The procedure in such suits, except as regards •citation and original jurisdiction, shall be .the same as in suits between private litigants, but no judgment for money rendered against the State shall be satisfied except out of monies appropriated by the Legislature for the purpose. For the purpose of such suits the State shall be considered as being domiciled in the Capitol. No such suit shall be instituted in any court other than a Court of Louisiana.
 
 Except as otherwise specially provided in this
 
 section,
 
 the ■effect of any authorization by the Legislature for a suit against the State shall be .nothing more than a waiver of the State’s immunity from suit insofar as the suit so authorized is concerned."
 
 (Italics ours.)
 

 In contending that the 1946 amendment to Section 35, Article 3, of the Louisiana Constitution did not prohibit the Legislature from creating for her a cause of action, plaintiff cites and relies on Marler v. State,
 
 78
 
 So.2d 26, and St. Julian v. State, 82 So.2d 85, which were decided by the Courts of Appeal of the Second and First Circuits, respectively. Admittedly, the conclusion reached in each of those cases is diametrically opposed to that which we have announced hereinabove. However, we are not bound by those decisions. Moreover, we cannot consider them as being even persuasive, as ordinarily we would do, because of contrary views expressed in other cases decided by the First Circuit and Orleans Courts of Appeal (Fouchaux v. Board of Commissioners of Port of New Orleans, 65 So.2d 430, McKnight v. State, 68 So.2d 652, and Gilmore v. State,
 
 79
 
 So. 2d 192).
 

 In a belated supplemental brief, filed subsequent to the preparation of the foregoing opinion, counsel for plaintiff urge that the amendment to Section 35, Article 3 of the Louisiana Constitution, “by its very plain language, waives the defense of immunity to liability, if and when the Legis
 
 *179
 
 lature waives the immunity to suit”. In' this connection they direct attention to the provision reading: “The procedure in such suits * * * shall be the same as in suits between private litigants”; and they take the position that it “means that once immunity from suit has been waived by the Legislature, the defenses shall be only those available to a person, corporation or private individual”.
 

 Obviously, such position is untenable. The provision relied on, as shown by its specific language, has reference only to procedural matters; whereas, the question of waiving immunity from liability and the consequent creation of a cause of action— with which we are here concerned — pertains to the granting of a substantive right.
 

 For the reasons assigned the judgment in favor of plaintiff and against the State of Louisiana (rendered by the district court and affirmed by the Court of Appeal) is reversed and set aside, the state’s exception of no cause of action is sustained, and plaintiff’s suit as against the state is dismissed. Plaintiff shall pay the costs of the proceedings in this court.
 

 PONDER, J., absent.
 

 ■ Rehearing denied; HAWTHORNE, J., dissents.