GLADNEY, Judge.
This suit was instituted by Ralph W. Turner against the State of Louisiana, and its insurer, The Insurance Company of the State of Pennsylvania, for damages arising from a collision between plaintiff’s pickup truck and a tractor owned and operated by the Louisiana Department of Highways. The accident occurred on June 2, 1958, about 12:15 o’clock P.M. on U. S. Highway No. 71, about five miles north of Shreveport, Louisiana. During the course of the trial an exception of no cause or right of action filed on behalf of defendant, State of Louisiana, was sustained by the trial court on the authority of Duree v. Maryland Casualty Company, 1959, 238 La. 166, 114 So.2d 594, and plaintiff’s demands against that defendant were dismissed. Following a trial on the merits, judgment in favor of plaintiff for the sum of $10,-300 was rendered, and the defendant insurer has appealed. Appellee has not answered the appeal as the amount of the judgment was equal to the liability limits of the policy.
At the locale of the accident the highway runs generally north and south. It is straight and level and is a divided highway, the accident having occurred in the northbound traffic lane, the paved slab of which is twenty-two feet in width. A roadside park is located on the west side of the high *658 way and at the time of the accident the Department of Highways was engaged in repairing a road which leads from the park into the northbound traffic lanes of the highway. Warning signs to the effect that work was being done in that vicinity were in place. Weather conditions were normal, the pavement was dry and visibility was good.
Turner was proceeding northward on the highway as he approached the area in which the work was being done, driving at a speed of from forty-five to fifty miles per hour, and upon observing the warning signs he testified he reduced his speed to about twenty-five miles per hour, noticing as he continued forward a tractor coupled with a road packer was coming out of the roadway leading from the park. The tractor turned northward on the west shoulder of the highway and traveled some thirty or forty feet when its driver suddenly and without warning, turned sharply to his right for the purpose of making a “U” turn and returning to the west side of the highway. Turner testified that when the turn was commenced he was in the immediate proximity of the tractor and swerved his truck to the right in an effort to avoid a collision, but was unable to do so. The truck continued sixty-nine feet from the point of collision and turned over, causing injuries to Turner and damage to his truck. The point of impact occurred in the east lane of the two northbound traffic lanes.
In addition to Turner, two other eyewitnesses to the collision were Floyd D. Cul-ver, driver of the tractor, and E. V. Chandler, an employee of the Department of Highways who was standing close to the scene of the accident, facing north. Neither observed the approach of Turner until almost the instant of the collision. Culver stated that he did not observe the truck until it was thirty feet distant from him. It is clear that neither of these two witnesses was in a position to estimate the ■speed of the Turner truck, although Culver indicated he thought the truck was traveling about thirty-five miles per hour. The speed of the tractor while executing its right turning maneuver was estimated by Turner at ten miles per hour, by Culver as five miles per hour, and by Chandler at about three miles per hour. Culver testified that as he turned his tractor onto the pavement and commenced his turn, he observed for the first time the approach of Turner and immediately appliéd his brakes, but due to the weight of the heavy packer his brakes were ineffective and the tractor continued forward to the point of impact.
Before this court appellant assigns two errors to the judgment from which it has appealed. Admitting Culver was negligent in attempting the “U” turn on the highway without first making proper observation, counsel for appellant urges Turner was guilty of negligence which bars his right of recovery. It is further contended the award so made by the trial court was excessive.
In charging Turner with contributory negligence, appellant points out that Turner was well aware of the fact that work was being done and that after observing the warning signs he reduced his speed to approximately twenty-five miles per hour; also, it is asserted Turner observed the tractor roller when it came out of the park on the western shoulder of the road and saw it proceeding northward. It is then argued Turner must also have observed the highway unit as it began its right-hand turn, but apparently, it is contended, Turner did not make proper observation until it was too late to avoid an accident. Counsel relates in brief that the tractor traveled approximately twenty feet after it began its right turn up until the point of impact, and while so proceeding it was moving at a speed of five miles per hour and the truck at the same time was approaching at twenty-five miles per hour. Using these figures as a base it is then concluded plaintiff was at a point some one hundred feet south of the point of impact when he should have seen that the tractor was beginning to turn to its right.
*659 We cannot relate this finding to the facts as disclosed by the record. The tractor traveled little more than one-half of the width of the twenty-two foot slab after it began its right turn up until the point of impact. Furthermore,, there is no clear indication of the exact speed of the tractor which may have been anywhere from three to ten miles per hour as estimated by the several witnesses. We are also confronted with the testimony of Culver that when he first observed the approaching truck it was but thirty feet away. These facts clearly, in our opinion, show there was no indication or warning given Turner by Culver that he intended to make a right turn until it was too late for Turner to do other than turn his truck to the right. It is not seriously claimed Turner was proceeding at a speed in excess of twenty-five miles per hour. We find this was not excessive under the circumstances. The accident, in our opinion, clearly was due to the sharp turn made by Culver directly into the path of the Turner vehicle without prior warning. We find no acceptable evidence indicative of negligence on the part of Turner.
After a careful examination of the testimony relating to the injuries received by Turner, we find no error in the award as made by the district court. The accident took place on June 2, 1958, and as a result of his injuries Turner was hospitalized on June 12th. Examination by Dr. Ray E. King, orthopedist, on June 17th, disclosed positive physical findings of a herniated intervertebral disc in the lumbosacral joint. Dr. King testified when Turner did not respond to pelvic traction, surgical removal of the disc was resorted to. A spine fusion was not undertaken during the operation because of conditions encountered which would not warrant such procedure. After observing and treating Turner subsequent to the operation, up through April of 1959, Dr. King expressed the opinion that Turner was still experiencing pain and numbness in his right leg and foot and also in the back of his neck and frequently suffered from headaches. He gave his opinion, largely based on the fact a spinal fusion could not be performed and as a result the space left by the removal of the disc would have to be replaced only with fibrous tissue, that plaintiff is permanently and totally disabled and can never return to the type of work he had been performing. This work was described by Turner and other witnesses as operating a cattle farm which required considerable manual labor. A large number of lay witnesses testified that as of the date of trial on June 15, 1959, appellee could no longer perform any of the services which he had done with ease prior to his accident.
At the request of the appellant, the defendant was given a complete orthopedic examination by Dr. Willis Taylor on April 27, 1959. As a result of the examination, Dr. Taylor gave his opinion that Turner had a twenty per cent partial permanent disability of his body as a whole, and that such disability did not necessarily prevent his engaging in his former occupation of farming. However, the testimony was qualified by the doctor’s admission that he could not state whether such work would be accompanied by pain, and he also conceded that the operating physician was in a better position to evaluate Turner’s disability for the reason that his store of knowledge would be greater than his, derived from a single examination.
Appellant also attempted to prove plaintiff had on two former occasions received treatment for his back and that the back disability of Turner was the result of a chronic condition pre-existing the accident. Complete refutation of this contention is to be found in the testimony of Drs. Ray King and Taylor, and the lay witnesses.
The award as made by the trial court is not excessive. Turner, due to his inability to perform manual labor, will be seriously handicapped in his future efforts to make a living. There can be no doubt he will continue to suffer pain to a considerable degree.
*660 For the foregoing reasons we fail to find manifest error by the trial court, either in its ruling upon the defense of contributory negligence, or in its award of damages. The judgment is affirmed at appellant’s cost.