On Rehearing
Before ELLIS, LOTTINGER, HER-GET, JONES and LANDRY, JJ.
ELLIS, J.
In our original opinion, we dismissed the plaintiff’s suit on an exception of no cause of action following the Supreme Court’s decision in Duree v. Maryland Casualty Co., 1959, 238 La. 166, 114 So.2d 594. Plaintiff, Miss Plaisance, was injured on December 23, 1957, when an automobile in which she was a passenger struck the partially open apron of the La Rose Pontoon Bridge No. 3, crossing Bayou Lafourche. Plaintiff obtained authority to sue the Louisiana Department of Highways by Act 282 of the 1958 Session of the Louisiana Legislature. The lower court awarded judgment for plaintiff after a short trial at which the negligence of the state employees and the injuries to the plaintiff were proven, and at which time it was stipulated that the amount of any damages to be awarded would be $4,000.00. Also, the facts in the record are not disputed and they definitely *927 establish liability on the part of the defendant in that amount.
On June 1, 1959, the Supreme Court in the case of Duree v. Maryland Casualty Co., 1959, 238 La. 166, 114 So.2d 594 held that the Legislature did not have authority to waive the state’s sovereign immunity from liability in Tort under Article III, Section 35 of the Constitution.
This Court granted a rehearing to ap-pellee, as a certain amendment to Article III, Section 35 of the Louisiana Constitution was being submitted to the public for vote, the amendment being aimed at restoring the rights of individuals to sue and recover from state administrative bodies for tortious acts, upon obtaining legislative authorization therefor.
The electorate did approve the amendment to the Constitution in the election of November 1960. The pertinent parts of the amendment read as follows:
“The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability. The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; * * * In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant’s immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res ju-dicata based on the dismissal of the prior suit on such claim.”
It is clear that the Constitutional amendment gives an individual a right of action in tort against the state after proper authorization by the Legislature. The Legislature, pursuant to the authorization contained in the Constitutional amendment, has prescribed the procedural rule to be followed in such suits in LSA-R.S. 13:5101 to 13:5110.
Since the Constitutional amendment states that “each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability,” the present case clearly falls into its purview, and the effects of the Duree decision are abrogated. (Emphasis added.)
For the above and foregoing reasons, our original opinion and decree is recalled and annulled and it is now ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at defendant’s costs.
Original decree recalled.
Judgment of trial court affirmed.