129 So.2d 887 (1961)
Mrs. Dewey D. BOND
v.
CITY OF BATON ROUGE et al.
No. 5318.
Court of Appeal of Louisiana, First Circuit.
April 10, 1961.
Rehearing Denied May 22, 1961.
Certiorari Denied June 22, 1961.
*888 Joel B. Dickinson, Baton Rouge, for appellant.
R. Gordon Kean, Jr., City Atty., John V. Parker, Asst. City Atty., Kantrow, Spaht, West & Kleinpeter, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
LANDRY, Judge.
Plaintiff herein, Mrs. Dewey D. Bond, appeals from the judgment of the trial court dismissing her suit against defendants, the City of Baton Rouge and the Parish of East Baton Rouge, for damages for personal injuries sustained when plaintiff fell on a sidewalk in the City of Baton Rouge, the accident allegedly resulting from defendants' failure to repair defects in and maintain the sidewalk in safe condition for pedestrian travel.
Upon exception of no cause of action plaintiff's suit was dismissed as to defendant City of Baton Rouge in which ruling plaintiff acquiesces.
Defendant Parish of East Baton Rouge filed exceptions of no cause and no right of action predicated upon two entirely separate and distinct contentions both of which are re-urged before us on this appeal. First, defendant Parish contends Section 39 of Act 169 of 1898, together with Parish Ordinance No. 758, and Sections 171 through 174, Title 2 of the Baton Rouge City Code, as amended by City Ordinance 782, has shifted responsibility for maintenance of sidewalks to abutting property owners and relieved said defendant from liability for failure to repair and maintain sidewalks in safe condition. Secondly, defendant Parish maintains it is entitled to governmental immunity herein predicated on the decisions rendered in Duree v. Maryland Casualty Company, 238 La. 166, 114 So.2d 594 and Stephens v. Natchitoches Parish School Board, 238 La. 388, 115 So. 2d 793. The exception based on the former *889 premise was referred to the merits and not specifically passed upon by the trial court. The latter exception was expressly overruled.
The identical arguments raised by these exceptions were considered and ruled adversely to defendant's contentions in recent decisions of this court. See Toppi v. Arbour, La.App., 119 So.2d 621; Brantley v. City of Baton Rouge, La.App., 98 So.2d 824 and Brown v. Parish of East Baton Rouge, La.App., 126 So.2d 173, rendered December 19, 1960, rehearing denied January 30, 1961. Defendant Parish concedes the application of the cited authorities to the case at bar but stoutly maintains the conclusions reached therein are incorrect. Considering the argument of defendant presents no new approach to the problem thus presented and we are convinced of the correctness of the views expressed in the cited cases, we take this opportunity to reaffirm the rulings therein for the reasons set forth in each instance. It follows therefore that both of said exceptions are clearly without merit.
After trial on the merits the learned district court rendered judgment rejecting plaintiff's demand primarily on the ground plaintiff failed to establish either actual or constructive notice of the existence of the defect resulting in plaintiff's injury.
The degree of care required of authorities responsible for maintenance of sidewalks and streets appears to be well stated in 25 Am.Jur. Municipal Corporations, Sec. 373, page 669, as follows:
"A municipal or quasi-municipal corporation is not responsible for every accident that may occur on its streets or highways, nor is it a guarantor of the safety of travelers thereon, or an insurer against all injury which may result from obstructions or defects therein, unless made so by statute. Nor does it warrant that its streets shall be free from obstructions or defects, or that they will be absolutely perfect and safe at all times. So far as concerns liability for injuries caused by obstructions and defects in its public ways, not due to its own wrongful act, its duty and sole duty, in the absence of any statutory provision imposing a higher duty, is to exercise reasonable diligence to put and keep them in a reasonable safe condition for the uses for which they were established, and to which they are properly subject." 25 Am.Jur., Municipal Corporations, Sec. 373, page 669.
That the foregoing general rule is the law of this state appears from the following language employed in White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620:
"From this jurisprudence there have evolved certain legal principles which are to be considered in determining the instant controversy. Thus, a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots."
*890 It is also the established jurisprudence of this state that where the defect complained of is in the nature of a trap or such that danger therefrom may reasonably be anticipated there is no liability on the authority responsible therefor unless said authority has notice thereof, either actual or constructive. In this connection we note the following language appearing in Miller v. City of New Orleans, La.App., 152 So. 141:
"But, whatever views we may have entertained on the subject have been overwhelmed by study of the text-writers, who, without a discussion of the reasons which we have set forth and without a careful consideration of the possible reasons for distinguishing between the burden of proof in the case of constructive notice and that in the case of actual notice, have, almost with unanimity, announced that in both cases the duty is on the plaintiff to allege and to prove notice of the one kind or of the other. Abbott, in his work on Municipal Corporations, vol. 3 § 1034, page 2329, says:
"`The burden is, therefore, upon the plaintiff to both allege and prove notice or a reasonable knowledge as a condition precedent to the liability of a public corporation in acts of omission.'
"Edward F. White in his well-known work, `Negligence of Municipal Corporations,' § 788, page 941 states:
"`As notice, express or implied, of the defect for a sufficient length of time before the accident to have enabled the municipal corporation to repair it, is one of the essential conditions on which the law predicates the liability of the corporation, it follows that, in order to state a cause of action, the declaration, complaint or petition, ought to aver, either in direct language or by the recital of equivalent facts, that the city had such notice.'
"In Tiller v. City of Monroe, 5 La. App. 473, our brothers of the Second Circuit said:
"`The great weight of authority seems to be that the burden of pleading and proof is on the plaintiff in actions such as the present, to show that the city had notice.'" 152 So. 141, 144.
The rule enunciated in the Miller case, supra, was reaffirmed in Parker v. City of New Orleans, La.App., 1 So.2d 123, 124, in which the following pronouncements appear:
"The jurisprudence with respect to the liability of a municipality for injuries to pedestrians using its streets is well settled (citing cases). These authorities establish the rule that, in order for a pedestrian to hold a municipality responsible for injuries occasioned by defects in its sidewalks, streets or highways, it must be shown (1) that the unsound condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person and (2) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. In other words, if the defect is slight, there can be no recovery and, even if it is patently dangerous, the municipality is not responsible unless it has had actual notice of it or unless the condition has been permitted to remain in its dangerous state for such a length of time as to warrant the conclusion that the municipality is negligent in failing to discover and correct it."
The accident in question occurred on the south side of Lakeland Street (which runs from east to west) between Municipal Numbers 524 and 528, on August 19, 1958, at approximately 8:00 P.M. as plaintiff was walking her dog in the company of a friend, Mrs. Rowena Quine, with whom plaintiff customarily took evening strolls.
*891 For six or more years prior to the accident plaintiff resided at 824 North Sixth Street (which runs from North to South and intersects Lakeland Street), her residence being located approximately one-half block south of Lakeland Street and around the corner from the situs of her fall.
The evidence shows that properties fronting on the South side of the 500 block of Lakeland Street are approximately two feet higher than the level of the street and the sidewalk is laid at natural ground level. On the north side, the natural elevation of the ground is lower with the result the sidewalk is more nearly level with the street elevation. Between Municipal Numbers 524 and 528 fronting on the south side of Lakeland Street is situated a common driveway the surface of which (where it crosses the sidewalk) is depressed approximately one foot below the elevation of the sidewalk on either side thereof. The paved surface of the driveway is connected with the sidewalk on the east and west thereof by means of a concrete slab (the width of the sidewalk) sloping upward from the driveway to the sidewalk or downward from the sidewalk level to driveway grade (as the case may be) a distance of four feet, there being by actual measurement a difference of 13 inches in elevation between the top and bottom of the incline thus produced on each end of the driveway.
It is conceded that the sidewalk on the south side of the street was in need of some repair and that the houses on that side were somewhat shabby and ill kept in appearance.
Plaintiff's fall occurred at the eastern edge of the driveway in question at the point where the sidewalk commences its four-foot slanting descent to driveway level. At the east edge of the driveway in question it appears that at the juncture of the sidewalk with the upper end of the incline (where the descent commences to a westbound pedestrian) the dirt under the slanted slab had to some extent washed away causing this slanted portion of the sidewalk to drop or settle three inches below sidewalk level on the outside or street side and two and one-half inches on the inside or edge nearest the abutting property line, thus creating an abrupt drop or fall. Plaintiff walking on the inside of the sidewalk slipped at this point and fell, sustaining the injuries for which she now seeks recovery.
From the description of this portion of the sidewalk elicited from the witnesses as well as photographs thereof appearing of record herein we conclude the defect was of such character as to render defendant parish liable for injuries resulting therefrom provided defendant had actual or constructive notice thereof.
The only substantial issue presented herein is whether or not defendant had constructive notice of the defect, it being conceded by plaintiff that defendant had no actual notice thereof.
Plaintiff contends defendant should be charged with constructive notice in the instant case because (1) the evidence shows a complete failure to inspect and (2) the defect is shown to have existed for such length of time preceding the accident as to warrant application of the doctrine of constructive notice.
The contention of learned counsel for plaintiff to the effect the record shows a complete and utter failure and neglect of the duty of inspection incumbent upon defendant under the ruling in Robinson v. City of Alexandria, La.App., 174 So. 681, is without foundation in the evidence.
The only testimony appearing in the record relative to inspection was elicited from Ray W. Burgess, Director of the City-Parish Department of Public Works, who merely stated that he had not previously examined the sidewalk in question. He conceded the sidewalk was in need of repair but could not state how long this particular defect existed prior to plaintiff's accident. There is nothing in his testimony indicating the area involved had not been previously inspected or examined by any other employee of defendant. The testimony of *892 William Addison, an engineer, employed in the engineering division of defendant Parish does not, as plaintiff contends, show a failure or lack of inspection. We have carefully read Addison's testimony and find therein absolutely no reference or mention whatsoever to inspection.
Conceding the duty of inspection, the absence thereof (if such be the fact) in the case at bar is of no moment considering plaintiff has failed to establish the length of time the particular defect in question existed prior to her accident. Admitting arguendo, a lack of inspection, it was incumbent upon plaintiff to establish the existence of the defect for such time prior to the accident that reasonable inspection would have disclosed its presence.
To establish proof of constructive notice plaintiff relies exclusively upon her own testimony and that of her acquaintance, Mrs. Quine, both of whom testified substantially to the same effect. They each testified the sidewalk in question had been in the same condition for a number of years, that of plaintiff being to the effect she had noted its similar condition for at least one year whereas Mrs. Quine stated it appeared to her to have been in the same condition for approximately fifteen years. Both plaintiff and Mrs. Quine testified that they frequently walked in the 500 block of Lakeland Street but invariably walked along the north side thereof for several reasons, namely, the sidewalk was more level, the homes were nicer and in better condition and mutual friends resided on that side with whom they would talk during the course of their outings. Although on direct examination both plaintiff and Mrs. Quine testified the particular defect in question had long antedated the accident their testimony also shows that for the reasons above stated they seldom walked on the south side of the street and that neither had in fact walked on that side for a year or more prior to the date of plaintiff's injury. On cross-examination it appears that in describing the condition of the sidewalk on the south side of the street both said witnesses were referring to the general appearance and condition of the sidewalk and not the particular defect herein involved. In response to questions propounded by counsel for defendant neither could fix with any degree of certainty the exact length of time the defect in question had existed. The learned trial court found that plaintiff failed to discharge the burden resting upon her of establishing constructive notice on the part of defendant. Not only is his conclusion in this regard free of manifest error, but also we find no other conclusion is supportable by the evidence of record herein. It follows, therefore, the trial court properly rejected plaintiff's demand. Miller v. City of New Orleans, La.App., 152 So. 141; Parker v. City of New Orleans, La.App., 1 So.2d 123; Cobb v. Town of Winnsboro, La.App., 49 So.2d 625.
Plaintiff has appealed from the action of the learned trial court denying her motion for new trial predicated upon newly discovered evidence which she alleges could not, with due diligence, have been previously obtained. The newly discovered evidence upon which plaintiff relies is that of two witnesses who reside at 501 and 524 Lakeland Street, respectively, and who would testify that the particular defect involved in this litigation had existed for a period of seven years prior to plaintiff's accident. Plaintiff asserts one of said witnesses would testify further that he had seen several persons fall at the site of plaintiff's accident which, incidentally, is on the far side of his driveway.
In certain instances a new trial may be granted by the trial court at its discretion, whereas in others the granting of a new trial is mandatory. The rules governing the granting of new trials are contained in the following articles of the LSA-Code of Civil Procedure:
"Art. 1972. Peremptory grounds.
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:

*893 "(1) Where the judgment appears clearly contrary to the law and the evidence;
"(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
"(3) In jury cases, as provided in Article 1814."
"Art. 1973. Discretionary grounds.
"A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law."
The plaintiff is apparently relying upon the mandatory provisions of Art. 1972 (2), regarding newly discovered evidence.
Since the new evidence which plaintiff seeks to offer upon a new trial would tend to show that the defendant did indeed have constructive notice of the defective condition, it meets the requirement of importance to the cause. It cannot be said to be merely cumulative, as in Deimel v. Etheridge et al., La.App., 198 So. 537, or that it could not change the result as in Miller v. Miller, 160 La. 936, 107 So. 702.
The question remains whether the evidence in question was discoverable, by the exercise of due diligence, prior to or during the trial. We believe the proposed new evidence to have been readily discoverable upon the exercise of due diligence. One of the proposed witnesses has, for a number of years resided adjacent to the driveway where plaintiff fell. He resided at said place for many years prior to the accident and according to his affidavit of record resided there at the time of the trial. The other witness resides on the opposite side of Lakeland Street in the same block where the accident occurred. Plaintiff's allegation of diligent inquiry preceding the trial is inconsistent with failure to discover witnesses so situated. The investigation made by learned counsel must indeed have been superficial since it undoubtedly failed to include contact with the occupant of the abutting residence who was readily available. Certainly the party living adjacent to the driveway in question could be reasonably expected to have knowledge of the condition and should have been among the first persons contacted in an effort to determine the history of this particular defect. Moreover, the record shows that prior to trial plaintiff visited the scene in the company of her counsel who, on this occasion took pictures of the driveway which pictures were offered in evidence on the trial of this cause. On such occasion it would have been a simple matter for learned counsel to interrogate the occupant of the adjacent residence relative to the length of time the defect had existed. In her motion for new trial plaintiff alleges she knew no resident in the block except two old ladies "invalids and in their dotage" both of whom lived on the north side of the street. That she was unacquainted with residents on the south side of the street does not relieve plaintiff and her counsel of the obligation of inquiring of those persons who were available and possessed of information vital to her cause. It appears that in the instant case the exercise of even slight diligence would have disclosed the evidence which plaintiff now attempts to utilize as grounds for a new trial.
It is elementary that the law does not favor a multiplicity of litigation and that a litigant having been afforded a day in court will not be granted a second opportunity in the absence of good and compelling reasons.
Although the learned trial court may, in its discretion, have granted a new trial under LSA-Code of Civil Procedure, Article 1973, for the reasons hereinabove set forth, we do not consider its refusal to do so an abuse of that discretion.
Affirmed.