GLADNEY, Judge.
This matter is before the court on writs granted for the purpose of reviewing a judgment sustaining exceptions to the venue of this action in the First Judicial District Court of Caddo Parish and transferring the case to the Nineteenth Judicial District Court in the Parish of East Baton Rouge.
The Osborn Funeral Home, Incorporated, filed this suit against the defendant Board for the purpose of obtaining a declaratory judgment nullifying the action of the Board prohibiting it from advertising in a certain manner. This action was instituted in Caddo Parish and was met by exceptions of venue, the exceptions being styled “exceptions to the jurisdiction ratione personae and materiae”. The defendant averred that it performs all of its functions at its only established office located in New Orleans and that it does not perform any functions in the Parish of Caddo, and, therefore, plaintiff cannot lay venue to that parish; and that, further, Louisiana State Board of Embalmers is an agency of the State of Louisiana, created by the provisions of LSA-R.S. 37:831 et seq. and its legal domicile is in the City of Baton Rouge in East Baton Rouge Parish, Louisiana.
*226 Evidence taken with respect to the exceptions discloses that none of the members of the defendant Board resides in East Baton Rouge Parish, and that the only office of the defendant agency is in Orleans Parish. The statute creating and establishing the defendant Board does not designate its domicile, nor has the Board assigned to itself any domicile. It is conceded by the defendant Board that it may be sued without special authorization of the Legislature and that plaintiff herein has the right to institute this action against the defendant, subject only to the requirement that suit must be instituted in the Parish of East Baton Rouge.
Counsel for relator contend that the trial court erred in these respects:
“(1) In holding that Act 27 of 1960 did not apply to this type of action and that the venue, therefore, would not lie at the plaintiff’s domicile.
“(2) In failing to give proper weight to the history of Act 27 of 1960 and particularly to the report of the Committee on Law Reform of the Louisiana State Bar Association which drafted the statute.
“(3) In failing to give a liberal construction to Act 27 of 1960 which was remedial and passed in furtherance of the provisions of Section 35 of Article III of the Louisiana Constitution of 1921 relative to suits against the State and its agencies.”
It is clear that plaintiff’s position is that it has the right to institute this action within the Parish of Caddo by reasons of certain provisions found in Act 27 of 1960 (LSA-R.S. 13:5101, 5102, 5103 and 5110), which are herewith quoted:
“§ 5101. Application
“This Part applies only to suits against the state or other public bodies expressly authorized by special or general law or resolution passed by the legislature. Acts 1960, No. 27 § 1.
“§ 5102. Determintion of procedural questions
“All procedural questions arising in suits on claims against the state or other public bodies, shall be determined, except as the contrary is specified in this Part, in accordance with the same rules of law as in suits between private parties. Acts 1960, No. 27, § 2.
“§ 5103. Jurisdiction; transfer of suits
“Suit against the state or other public body shall be brought in a court which would have jurisdiction of the action if the defendant were a private party (the domicile of the state to be deemed the seat of government, and the domicile of a defendant body having more than one office to be deemed its principal office), provided that suit against the state or against any other public body which performs statewide functions as an agency of the state, also' may be brought in the court having-jurisdiction of the plaintiff’s domicile. Any such suit may, for the convenience of the parties and witnesses, in the interest of justice, be transferred by the court in which it was brought, to any other court of the state in which it might have been brought, the transferee court to have no power to effect another transfer. Any such suit brought in an improper court shall not be dismissed for that reason, but shall be transferred to the proper court.
* H* * * *
“§ 5110. Other public bodies defined “ ‘Other public bodies’, as the term is used in this Part, includes parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities, and other public or governmental bodies of every nature. Acts 1960, No. 27, § 10.”
*227 It is the contention of exceptor that the statute has application only “to suits against the state or other public bodies expressly authorized by special or general law or resolution passed by the legislature”; and discloses that the procedural rules set forth in the statute were not intended to apply to suits against the state or its agencies (such as in this instance) which may be filed without special legislative authority,— that is to say, where the right to institute the suit has been previously authorized by special or general law, or resolution.
Contra, relator argues that Act 27 of 1960 was an enabling statute implementing Act No. 621 of 1960, which was adopted as a constitutional amendment to Art. Ill, Section 35 of the LSA-Constitution, and that the purpose of the statute and the Constitutional amendment was plainly to cure the unsatisfactory procedural situation brought about by the decisions in Duree v. Maryland Casualty Company, et al., 238 La. 166, 114 So.2d 594 (1959) and Stephens v. Natchitoches Parish School Board, 238 La. 388, 115 So.2d 793 (1959). Further, it is argued the language of Act 27 of 1960 discloses that it affects suits against the state and its agencies, where independent of further action by the legislature, suit has been authorized.
As above stated, the argument of the respondent implies that neither Act 621 of 1960, the constitutional amendment, nor its implementing statute, Act 27 of 1960, is apposite to venue in suits against the Louisiana State Board of Embalmers against which authorization to sue had previously been granted. It must be observed, however, that prior to 1946 when Article III, Section 35 of the Constitution was rewritten by amendment, the article provided: “Whenever the legislature shall authorize suit to be filed against the State, it shall provide a method of procedure and the effect of the judgments which may be rendered therein.” In the wake of the dissatisfaction which arose from the Duree and Stephens cases, an article appeared in Louisiana Law Review, Volume 20, page 449, entitled: “The Crain Myth: — A Criticism of the Duree and Stephens 'Cases.” Therein the authors, Henry G. McMahon and Ben R. Miller, Jr. examined Article III, § 35, of the Constitution in the light of pertinent jurisprudence and particularly with reference to the Duree and Stephens cases, and made suggestions for general or special legislation that would prescribe, inter alia, that the procedure in actions authorized against the state and its public bodies should be the same as in suits by private litigants, except there should be no trial by jury and that the Legislature might provide a definite venue and mode of citing the defendant. Five specific recommendations were made in connection with the proposed constitutional amendment.
A comparison of these recommendations and the statutory enactments of 1960 discloses that the legislation, as enacted, closely followed the recommendations so made. By referring to contemporaneous legislative construction it seems clear that it was the intent of the Legislature to liberalize and make uniform the procedural rules with respect to litigations against the state and its agencies. It is generally recognized that the most important safeguards to be preserved in procedural legislative rules with reference to suits against the state and especially those in tort, are that such suits may be brought only with Legislative consent and the money and satisfaction thereof can be paid out only from an appropriation made in each case. It would appear that these guarantees have been preserved in Article III, Section 35, in the provision: “No judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated for payment thereof.”
Accordingly, it is the holding of this court that relator herein was entitled to institute its action in the Parish of Caddo, under the authority of Act 27 of 1960, LSA-R.S. 13:5101 et seq. The judgment sustaining the exceptions to the jurisdiction ratione personae and materiae is reversed *228 and the exceptions overruled. The case is remanded to the First Judicial District Court in and for the Parish of Caddo for further proceedings not inconsistent herewith.