HERGET, Judge.
Plaintiff, Mrs. Aliene Hopwood Duree, individually and as the duly confirmed natural tutrix of her minor child, Diane Michele Duree, brought this suit against the State of Louisiana seeking recovery of damages individually and on behalf of her njinor child ■ resulting from the death of ¡Mr. Jack W. Duree, her husband and father of their child, who was killed in an automobile accident October 27, 1954 when he was a guest in an automobile which collided with an ambulance belonging to the State of Louisiana.
The State of Louisiana prosecutes this appeal from an adverse judgment in favor of Plaintiff, individually, in the sum of $55,-644.55 and in favor of Plaintiff as the duly confirmed natural tutrix of the minor, Diane Michele Duree, for the use and benefit of said minor, in the. sum of $15,617, together with legal interest on each, amount from date of judicial demand,'May 26, 1961, until paid, and together with all such costs as the State'may be liable for.
A chronological precis of this case shows Plaintiff, in. the same capacity in which this suit was instituted, previously filed suit against the State of Louisiana, through the Department of Institutions, as well as the drivers and insurers of the vehicles involved in the collision. Authorization to sue the State had been obtained by an act of the Legislature of Louisiana for the year 1956. Following trial of the case, the Trial Court rendered judgment which,'on appeal to this Court, was affirmed. Duree v. State, La.App., 96 So.2d 854. On application by the State for writs of certiorari or review, same were granted by the Supreme Court, and the Supreme Court in Duree v. Maryland Casualty Company, 238 La. 166, 114 So.2d 594, (Maryland Casualty Company was a party defendant but said claim has now been settled) reversed the judgment of the Court of Appeal and dismissed Plaintiff’s action against the State, holding the Louisiana Constitution, as then amended, permitted the Legislature to waive immunity from suit but not from liability. As a direct result of this decision, the Legislature, in 1960, passed Act 621, a proposed Constitutional Amendment, which was adopted by the electorate on November 8, 1960, and is now LSA-Constitution Article 3, Section 35. This Constitutional Amendment specifically authorized the Legislature to waive immunity of the State both from suit and from liability. At this same session, by Act 575 of 1960, the Legislature again authorized Mrs. Duree to institute this action against the State, and on July 9, 1960 the act was approved by the Governor. The present suit was filed May 26, 1961 and the judgment rendered was the same as that which had originally been rendered and affirmed by this Court. Duree v. State, La.App., 96 So.2d 854.
Learned counsel for the State maintain the Trial Court erred in (1) overruling Defendant’s exceptions; (2) in holding the driver of the ambulance was on a mission for his employer, the State of Louisiana; (3) in holding the' ambulance driver solely negligent, and (4) as to quantum. In the exceptions on which appellant relied, counsel contended Act 575 of 1960 of the Legislature authorized the present suit provided same be filed before January 1, 1961 and, inasmuch as the present suit was not filed until May 26, 1961, Plaintiff was barred from filing the suit. Though in the language of the act of the Legislature referred to limitation is placed until January 1, 1961, Article 3, Section 35 of the Constitution, which clearly supersedes the legislative act as to timeliness in instituting the action, provided such suit may be filed at any time prior to January 1, 1962. Accordingly, we are of *203 the opinion the suit was filed timely on May 26, 1961. The pertinent provisions of LSA-Constitution, Art. 3, Sec. 35, which extended the prescriptive period, provide:
“ * * * and any prescription or peremption which.may heretofore have accrued, or which would otherwise accrue prior to January 1, 1962, against any claim against the state or other public body on which suit heretofore has been authorized by the Legislature, is hereby waived, provided that suit on such claim is brought prior to January 1, 1962. No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court. In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant’s immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judicata based on the dismissal of the prior suit on such claim.”
 Insofar as the State’s other contentions relative to the question of whether the driver of the ambulance was on a mission for his employer, and as to holding said ambulance driver solely negligent for the death of Mr. Duree, and as to quantum, these same issues were given detailed examination in a most comprehensive and exhaustive opinion of this Court with Judge Tate as the organ thereof in Duree v. State, supra. Though, as heretofore pointed out, this decision was reversed following the granting of writs by the Supreme Court, such reversal was predicated only on the finding by that Court, the Legislature was not authorized to waive immunity from liability. Unmistakably, a prior ruling by the same court or one of equal dignity disposing of an identical issue earlier on the same cause of action, involving the same parties, establishes the law of the case insofar as that issue is concerned. We are bound by the law of the case. Keller v. Thompson, La.App., 134 So.2d 395; Succession of Gaudin, La.App., 140 So.2d 384.
For these reasons, we reaffirm our opinion in Duree v. State, La.App., 96 So.2d 854, and the judgment of the Trial Court is affirmed. -