950 So.2d 850 (2006)
Sylvester PERKINS
v.
ALLSTATE INSURANCE COMPANY, Sharon Bunch and John Bunch.
No. 2005 CW 2676 R.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
*851 Clarence T. Nalls, Jr., Baton Rouge, for Plaintiff-Respondent Sylvester Perkins.
David C. Forrester, Mark G. Murphy, Baton Rouge, for Defendant-Relator Allstate Insurance Company.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, defendant seeks review of the trial court's judgment vacating a jury verdict and granting plaintiff's motion for new trial. For the reasons that follow, we reverse the trial court's judgment and reinstate the jury verdict rendered in favor of defendant.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Sylvester Perkins, owner of a home insured by defendant, Allstate Insurance Company ("Allstate"), instituted this suit against Allstate after his home was destroyed by a fire and Allstate refused his claim. In response to Mr. Perkins' suit, Allstate filed an answer and asserted the following three defenses: (1) arson; (2) breach of the obligation to cooperate; and (3) misrepresentation. The matter proceeded to trial by jury. At the conclusion of the evidence, the jury found in favor of Allstate on each of its three defenses. A judgment in accordance with the jury's findings was signed by the trial court on July 1, 2005.
Mr. Perkins subsequently filed a motion for judgment notwithstanding the verdict and, in the alternative, a motion for new trial, attacking the jury verdict on several issues, including an allegation of jury misconduct. This allegation was based on the claim that Daryl May, the jury foreman, and Charlene Smith, the Mayor of Zachary and the owner of the Allstate agency where Mr. Perkins had obtained his homeowner's insurance, had an intimate relationship that Mr. May failed to disclose at the time of trial. Mr. Perkins maintained that this relationship caused Mr. May "to be so biased so that it affected his ability to be fair and impartial." There was also a claim that Mr. May had a Zachary address that he failed to disclose in an effort to conceal his relationship with Mrs. Smith. The motion was set for hearing at which time the trial court dismissed Mr. Perkins' motion except as to the allegation of jury misconduct. The trial court deferred a decision on this issue, allowing plaintiff an additional 45 days to conduct discovery in order to present evidence to support the allegation of jury misconduct.
The hearing on the jury misconduct issue was held on for November 28, 2005, at which time the trial court heard argument from both sides and considered the depositions of Mr. May and Mrs. Smith. Thereafter, the trial court granted Mr. Perkins' motion for new trial, offering the following reasons: "Considering the totality of the issue raised, notwithstanding the inability to substantiate an alleged relationship, all things considered, the court will vacate the judgment of the jury and grant a new trial." Judgment granting the new trial was signed on December 12, 2005.
Aggrieved by the trial court's ruling, Allstate sought the supervisory review of this court. On February 21, 2006, this court denied the writ application, prompting Allstate's writ application with the Louisiana Supreme Court. Perkins v. Allstate Ins. Co., 2005 CW 2676 (La.App. 1 Cir. 2/21/06)(unpublished). On May 26, *852 2006, the Louisiana Supreme Court granted the writ and remanded the matter to this court for briefing, argument, and an opinion. Perkins v. Allstate Ins. Co., 2006 CC 0627 (La.5/26/06)(unpublished). The sole issue for our review is whether the trial court erred in granting Mr. Perkins' motion for new trial.

DISCUSSION
In support of his position that a new trial on the issue of jury misconduct was appropriate, Mr. Perkins asserts that Mr. May withheld evidence of his bias towards Allstate, in particular, his "intimate relationship" with Mrs. Smith. Mr. Perkins argues that as a result of Mr. May's lack of candor, he was deprived, during the jury selection process, of his right to challenge Mr. May for cause. Thus, Mr. Perkins maintains a new trial was warranted.
To the contrary, Allstate argues the trial court erred in failing to give the jury verdict the great weight it is due. Allstate contends reversal is appropriate because Mr. Perkins failed to prove the allegation made in his motion for new trial, i.e., that Mr. May and Mrs. Smith had a romantic relationship. Moreover, Allstate emphasizes the fact that Mrs. Smith never had any contact with Mr. Perkins regarding his Allstate coverage or his claim and is not a named party to the suit. Because, in its view, Mr. Perkins did not establish jury misconduct or a miscarriage of justice, Allstate asserts the trial court erred in granting a new trial.
In its brief to this court, Allstate further argues that "[e]ven if this Court could find some level of juror misconduct in this case, the standard for granting a new trial requires the trial court, exercising its discretion, to be convinced by its examination of the facts that the judgment would result in a miscarriage of justice." Allstate maintains that the trial court did not follow this standard as there was no finding of juror misconduct or any reference to a possible miscarriage of justice. Thus, Allstate asserts, the motion for new trial should not have been granted. Following a thorough review of the record before us, we agree.
It is well settled in Louisiana law that although the granting or denying of a motion for new trial rests within the wide discretion of the trial court, the discretion of the court is limited. Davis v. Wal-Mart Stores, Inc., XXXX-XXXX, p. 10 (La.11/28/00), 774 So.2d 84, 93. As explained in Campbell v. Tork, Inc., XXXX-XXXX (La.2/20/04), 870 So.2d 968:
The fact that a determination on a motion for new trial involves judicial discretion . . . does not imply that the trial court can freely interfere with any verdict with which it disagrees. The discretionary power to grant a new trial must be exercised with considerable caution, for a successful litigant is entitled to the benefits of a favorable jury verdict. Fact finding is the province of the jury, and the trial court must not overstep its duty in overseeing the administration of justice and unnecessarily usurp the jury's responsibility.
Campbell, XXXX-XXXX at 3, 870 So.2d at 970 (citing Gibson v. Bossier City General Hospital, 594 So.2d 1332, 1336 (La.App. 2 Cir.1991)). Thus, the applicable standard of review in ruling on a motion for a new trial is whether the trial court abused its discretion. Application of this standard requires the balancing of two very important concepts: the great deference given to the jury in its fact finding role and the great discretion given to the trial court in deciding whether to grant a new trial. Davis, XXXX-XXXX at 11, 774 So.2d at 93-94. "The scales are clearly tilted in favor of the survival of the jury's verdict, but the *853 trial court is left with a breadth of discretion which varies with the facts and events of each case." Id.
In Brown v. Hudson, 96-2087 (La.App. 1 Cir. 9/19/97), 700 So.2d 932, writ denied, 97-2623 (La.1/9/98), 705 So.2d 1103, cert. denied, 524 U.S. 916, 118 S.Ct. 2297, 141 L.Ed.2d 157 (1998), this court considered a claim of juror misconduct in a case involving an injured motorist who sued an automobile manufacturer alleging products liability. Following a jury trial, judgment was rendered in favor of the automobile manufacturer. Thereafter, the plaintiff filed motions for a judgment notwithstanding the verdict, or in the alternative, for a new trial based on her post-trial discovery that the jury foreman failed to disclose the fact that he had been named as a defendant in a personal injury lawsuit four and a half years earlier when specifically asked during voir dire if he had ever been involved in any lawsuits.
Early on in the opinion, this court noted a history of hesitancy on the part of Louisiana courts towards setting aside jury verdicts based on allegations of improper behavior.
Under Louisiana law, not every instance of jury or juror misconduct necessitates the granting of a new trial or the remand of a case for a new trial. The trial judge has much discretion in determining whether to grant a motion for a new trial. Instead, the burden falls upon the mover to prove that the level of the behavior was of such a grievous nature as to preclude the impartial administration of justice.
A decision to deny a motion for new trial based upon jury misconduct is reviewed pursuant to an abuse of discretion standard. La.Code Civ. P. article 1972 sets forth the peremptory grounds for a new trial and provides in pertinent part that "[a] new trial shall be granted, upon contradictory motion of any party, in the following cases: * * * (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done." Improper behavior by a juror or jury is not defined and must be determined by the facts and circumstances of each particular case.
A review of Louisiana jurisprudence relative to juror or jury misconduct reveals that the courts of this state have been reluctant to set aside jury verdicts based upon allegations of improper behavior.
Brown, 96-2087 at 4-5, 700 So.2d at 935-936 (citations omitted). Next, it was noted that there was no debate about the untruthfulness of the jury foreman's response to the question involving prior lawsuits. This court entertained the thought of whether the untruthfulness could have resulted from a willful attempt to mislead the court or from an innocent misunderstanding given that the suit in which he was named settled and never went to trial. Without resolving the issue, this court concluded that this act alone did not constitute behavior of such a grievous nature so as to preclude the impartial administration of justice.
Our system of justice is centered around a search for the truth, and for this reason, we cannot condone this juror's failure to disclose facts asked of him during voir dire. Nevertheless, we cannot accept Mrs. Brown's argument that this juror was automatically biased and highly opinionated against her position at trial as a result of this earlier undisclosed and unrelated litigation. In our opinion, the fact that the juror failed to disclose he had been previously sued *854 does not, by itself, constitute behavior of such a grievous nature so as to preclude the impartial administration of justice. For this reason, we cannot say that the trial court's refusal to grant a new trial constituted an abuse of discretion.
Brown, 96-2087 at 8, 700 So.2d at 937.
In the instant case, both Mr. May and Mrs. Smith were deposed in an effort to explore the alleged juror misconduct. In her deposition, Mrs. Smith reported she maintains no daily involvement with the Allstate office she owns and has had no involvement with Mr. Perkins' claim. She denied knowing Mr. May and testified she did not recall ever meeting Mr. May. Mrs. Smith admitted to filing for divorce from her husband of thirty-four years, Michael Smith, in February 2005. However, when asked if there was any truth to the allegation that the divorce was prompted by her husband discovering her in city hall with Mr. May in an inappropriate position, Mrs. Smith responded in the negative.
In his deposition, Mr. May, a builder, denied having a close relationship or a romantic relationship with Mrs. Smith, but acknowledged meeting her on a prior occasion at a fundraiser. He admitted frequenting the building permits office in the Zachary City Hall, which is where the mayor's office is, but denied any interaction with or sightings of Mrs. Smith during these visits. He verified that he did reveal his contacts with the permits office during voir dire when asked if he knew anybody affiliated with the City of Zachary. Further along in his deposition, Mr. May denied ever having seen a sign on Main Street in Zachary that advertises Mrs. Smith's Allstate business with her name included alongside the business name. As to his marital status, Mr. May reported that he divorced his wife in August 2005.
As to the second basis of jury misconduct, Mr. May was questioned as to why he reported his address to be on Normandy Drive in Baton Rouge on the voir dire form, but stated in the deposition that his address was on Turnberry Avenue in Zachary. Mr. May explained that because he is a builder, he frequently moves as properties are sold. He further indicated that at the time of the trial, he was living on Normandy Drive. However, after the trial, he moved to Turnberry Avenue in Zachary when he became separated from his wife. He described this as a temporary residence. When informed by counsel for Mr. Perkins that records obtained from the Secretary of State's Office showed the domicile address on Turnberry Avenue was incorporated in 1994, long before the trial, Mr. May conceded that was, in fact, the case. Thereafter, when asked why he failed to give the Turnberry Avenue address as his residence when asked during voir dire, he responded, "Because I probably was not [living there] at that time."
As previously stated, the party seeking a new trial based on jury misconduct must prove that the level of behavior was of such a grievous nature as to preclude the impartial administration of justice. Brown, 96-2087 at 4, 700 So.2d at 935. This is a heavy burden to overcome. Moreover, the law does not favor a multiplicity of litigation; a litigant having been afforded a day in court will not be granted a second opportunity in the absence of good and compelling reasons. Bond v. City of Baton Rouge, 129 So.2d 887, 893 (La.App. 1 Cir.1961).
We have thoroughly reviewed the record before us and can summarize the evidence concerning the alleged juror misconduct as follows: (1) Mr. May admitted *855 that he may have met Mrs. Smith on one occasion at a political fundraiser; (2) Mrs. Smith denied ever meeting Mr. May; (3) Both Mr. May and Mrs. Smith denied the existence of any romantic relationship between them; and (4) Mr. May acknowledged that he did in fact have a house located on Turnberry Avenue in Zachary that he moved into when he became separated from his wife. This evidence, when juxtaposed with the great weight to be afforded a jury's verdict, falls far short of the substantial burden that must be met in order for a new trial to be granted on the basis of juror misconduct. Under the facts and circumstances presented herein, Mr. Perkins has failed to establish that Mr. May's conduct was of such a nature so as to have precluded the impartial administration of justice. Thus, the trial court abused its discretion in granting Mr. Perkins a new trial.

CONCLUSION
For the above and foregoing reasons, we reverse the trial court's judgment granting Mr. Perkins' motion for new trial and hereby reinstate the June 9, 2005 jury verdict in favor of Allstate. All costs associated with this appeal are assessed against Mr. Perkins.
REVERSED; JURY VERDICT REINSTATED.
GUIDRY, J., concurs in the result.