ELLIS, Judge.
In this suit the plaintiff, Bennie Tucker, seeks damages for injuries sustained by him when he was struck by a truck operated and owned by the Louisiana State Highway Department. A suit was first filed in Orleans Parish, which joined both the State of Louisiana and its insurer, the Marquette Casualty Co. This suit was dismissed voluntarily 'by the plaintiff and a second suit was filed in East Baton Rouge Parish against the insurer alone. An exception of prescription was sustained and this second suit dismissed. The present suit is against the State of Louisiana alone and the cause and right of action is based upon Act 676 of 1954, which authorized the plaintiff to file suit against the State of Louisiana through the Department of Highways, said suit to be instituted in the Parish of East Baton Rouge. The Act states the defendant shall not be entitled to urge the defense of prescription.
The defendant filed a plea of lis pendens, one of unconstitutionality of the Act under which the suit was brought, and a plea of estoppel. All three were overruled, and upon trial below, plaintiff was awarded judgment against the defendant in the amount of $5,000, and the medical expert fees were fixed at $50 each and taxed as costs. The award was made without legal interest and without the payment of costs other than the expert witness fees and those of the stenographer.
From this judgment the defendant appealed suspensively and the plaintiff de-volutively.
Plea of Lis Pendens
The basis of this plea was the original suit filed in Orleans Parish. As *58 this suit had already been dismissed this defense was properly overruled.
Plea of Unconstitutionality
This defense is forwarded upon the contention that plaintiff’s right of action against the insurer had prescribed and that the Legislature, by conferring upon the plaintiff the right to sue, was prejudicial and unconstitutional as to the insurer. It is true the Legislature could not have waived prescription insofar as the insurer was concerned. However, any rights between the defendant and its insurer are purely personal and would have to be determined by the contract of insurance. The insurer was not made a party defendant and the question of any liability between it and the plaintiff or the defendant are not in any manner the subject matter of this suit. The plea was properly overruled.
Plea of Estoppel
The Judge, below, who, with written reasons, overruled this plea, stated he was at a loss to understand how this defense was brought in the face of the Act authorizing it. We agree, and find no merit in this defense.
On the Merits
The accident forming the basis of this suit occurred on May 26, 1952, when the plaintiff, an elderly colored male, was struck by a truck operated by the defendant at the intersection of State routes 38 and 432 at Chipóla, in the Parish of St. Helena. The plaintiff, Bennie Tucker, could not state with any accuracy exactly what part of the intersection he was upon when the truck struck him. The driver of the truck and another witness testified he had walked some 16 to 20 feet across the intersection when he apparently became frightened by the sudden approach of the truck and turned, in an attempt to get back to the side which he had left, when the vehicle hit him. He did testify that he did not know which way the truck was going to turn.
It seems that Tucker had alighted from another vehicle on the shoulder of the highway and from this point started to cross the road at the intersection, in a westerly direction. The evidence of the driver of the truck is to the effect that he saw the plaintiff but continued to proceed and pulled his vehicle somewhat to the left to allow passage space in the rear of his truck, but that when he closely approached the plaintiff he did not blow his horn or give any other signal. He was of the opinion the plaintiff became excited when he sensed the approach of the truck and turned, trying to reach the place from which he had left; that he was so close to the plaintiff, at the time, that he was unable to avoid striking him.
At the time of the accident the plaintiff was carrying a walking stick and, as aforesaid, was quite elderly.
The witness, Collins, stated the driver of the truck did not blow his horn and that the plaintiff evidently turned into the path of the truck “as he heard the truck rumbling”.
The trial Judge, in his written reasons for judgment, stated the factual situation was similar to that presented in Wheadon v. Porter, La.App., 69 So.2d 610. There, the doctrine of “last clear chance” was applied. A plaintiff had negligently placed himself in a state of danger, but the defendant actually discovered his peril and there devolved upon him a duty which arose subsequent to the negligent act of the plaintiff, and which required the defendant to save him from this act, if possible. In the Wheadon case, supra, the Court used language from Rottman v. Beverly, 183 La. 947, 165 So. 153, quoting:
“ ‘In cases of discovered peril, it is pertinent and material to ascertain whether the defendant could, after discovering plaintiff’s peril, have averted the accident by the exercise of due *59 diligence. If he could have averted the accident by the exercise of due diligence and failed to do so, his negligence 'in that respect is considered the proximate and immediate cause of the injury, and the plaintiff’s negligence the remote cause, and the plaintiff may recover although his negligence continued to the instant of the accident. The basis of recovery in such cases is the defendant’s superior knowledge of the peril and his ability to avoid the injury. He has the last clear chance.’ ”
In Blashfield’s Cyclopedia of Automobile Law and Practice, Section 1248, Page 134, we find:
“Fright at a suddenly discovered automobile immediately near is something so natural and usual that one driving a vehicle should anticipate it and conform himself accordingly, where the circumstances indicate that one on the street may be taken unaware.”
Also, Section 1253, page 144, states:
“When a pedestrian is apparently oblivious to the approach of an automobile, the driver is bound to realize the 'hazard of continuing at a high speed close to the pedestrian, and he is bound to sound his horn, slow down and stop, if necessary.”
Also, see Hollins v. Crawford, La.App., 11 So.2d. 641, and Baquie v. Mereaux, 11 La.App. 368, 123 So. 338.
In the present case, there is no question but that the driver of the truck saw the plaintiff when he placed himself into a position of danger. He did not sound his horn, give any warning, nor did he slow or stop his vehicle, but, rather, turned in an effort to avoid the plaintiff. Under the circumstances, he should come to a full stop if necessary, and his failure to keep his truck under such control, after realizing the dangerous position of the plaintiff, brings this case squarely within the doctrine above set forth and causes the defendant to be primarily responsible.
The medical testimony is to the effect that Tucker suffered fractures of the left tibia and fibula, as well as a fracture of the left radius, a left acromioclavicular separation and multiple rib fractures. The trial Judge concluded, no doubt correctly, that plaintiff must have suffered severe pain, but that he had made a remarkable recovery. He was unemployed, and considering his injuries, pain and suffering, we conclude the award of $5,000 is correct and adequate.
Fees of the medical experts, as well as stenographic fees, were allowed. The judgment states the defendant, the State of Louisiana, is exempt from paying other costs. While this is true, legal interest, from date of judicial demand, was not allowed.
Our jurisprudence shows that the State is liable for legal interest in tort actions. See Hixson Funeral Home v. State, La.App., 33 So.2d 754, at page 757, and authorities cited therein. It has been repeatedly held that under the provisions of LSA-Revised Statutes 13:4203, the State is liable for legal interest.
For the above and foregoing reasons the judgment of the Lower Court is amended to include legal interest upon the amount awarded from date of judicial demand, and in all other respects affirmed.