TATE, Judge.
In a previous appearance, the trial court’s dismissal of plaintiff’s personal injury suit was affirmed by us. La.App. 85 So.2d 645. On writs, the Supreme Court reversed our judgment and remanded the case to this court to establish plaintiff’s damages and to award judgment therefor. 232 La. 667, 95 So.2d 143.
The sole question now before us is the assessment of the damages for personal injuries sustained by plaintiff Meade in the accident of March 13, 1954. There were no special damages proven, as Meade was in the military service at the time of the accident; he lost no wages and received military hospitalization.
As a result of the accident, Meade’s left leg suffered multiple fractures. He sustained a comminuted fracture of the lower portion of the tibia and also a fracture of the fibulla thereof.
The Army doctors first tried to make a fixation of the fractured bones through metal pins inserted through Meade’s heel. This was unsuccessful, and major surgery was necessary, namely an open reduction and an internal fixation of the fracture with a metal plate and screws. During this interval of a week or so Meade suffered fairly great pain.
Following the second operation, Meade was placed in a walking cast and permitted to walk, first with crutches, then with the cast alone. Approximately four months after the accident, the cast was removed, and Meade was placed in a removeable leather protective devise designed to guard against injury to or stress upon the weakened limb. The doctors estimated that he will be required to wear this leather walking brace for approximately six months beyond August 9, 1954, the date of his discharge from the hospital. Meade was restricted to light duties for a period to end six months after his discharge from the hospital.
The prospect for his complete recovery without residual disability was excellent at the time of the trial, although in the award of damages we must take into account the medically-indicated possibility (although slight) of residual disability, as well as the prolonged period of mild discomfort and disability following the injuries in question.
Meade also suffered a mild concussion in the accident, a laceration of his knee, and fairly severe pain and shock at the time of the accident.
We think that an award of $4,500 to plaintiff, under the facts of this case, would do substantial justice and is in line with the awards in the following cases, taking into consideration the differentiating circumstances thereof: Tucker v. State, La.App. 1 Cir., 91 So.2d 56; Chavers v. A. R. Blossman, Inc., La.App. 1 Cir., 45 So.2d 398; Blackburn v. Chenet, La.App.Orl., 42 So.2d 288; Hero v. Toye Bros. Yellow Cab Co., La.App.Orl., 19 So.2d 887.
For the reasons assigned, in accordance with the mandate of the Supreme Court that we fix damages in the present case, it is ordered adjudged and decreed that there be judgment herein in favor of plaintiff, William F. Meade, and against defendants, R. V. Cutrer and his liability insurer, the Allstate Insurance Company, holding them liable in solido in the full sum of $4,500, together with legal interest thereupon from date of judicial demand until paid, and for all costs of these proceedings.
Judgment rendered.