REID, Judge.
This suit is the final phase of several other suits filed by the parties hereto and in order to clarify the matter we are first going to outline prior proceedings.
Bennie Tucker, the plaintiff in this suit was struck by a truck owned and' operated by the Department of Highways, State of Louisiana in St. Helena Parish on May 25, 1952. At that time the Marquette Casualty Company was the insurer of the Department of Highways of the State of Louisiana on all automobile and truck accident cases. Tucker first filed suit in Orleans Parish on May 25, 1953 naming as defendants the Department of Highways and the Marquette Casualty Company. See Suit No. 322-807, Civil District Court, Parish of Orleans. The service was made on May 27, 1953.
To this suit the Department of Highways filed an Exception to the jurisdiction of the Court ratione personae and Marquette Casualty Company filed an Exception to the jurisdiction of the Court ratione materiae. These suits were later dismissed by the plaintiff, Bennie Tucker.
The plaintiff, Bennie Tucker, on December 30, 1953 filed a suit in the Nineteenth Judicial District Court, Parish of East Baton Rouge against Marquette Casualty Company asserting the same claim growing out of the accident which occurred on May 26, 1952, Suit No. 47948. Marquette Casualty Company filed a plea of prescription which was sustained by the lower court on July 25,, 1955 and plaintiff’s suit was dismissed. No appeal was taken from this judgment.
Then, by Act No. 676 of the 1954 regular session of the Louisiana Legislature Bennie Tucker was authorized to file a suit against the Department of Highways for injuries sustained by him when struck by a truck owned and operated by the Department of Highways of the State of Louisiana on May 26, 1952. This Act provided in Section 3 that the defendant in the suit authorized to be filed should not be entitled to a plea of prescription barring said claim, provided any suit entered under the authority granted by the said Act .shall be filed not later than the 1st of January, 1955.
Bennie Tucker then filed suit on November 17, 1954 for damages growing out of the same accident which suit was against the State of Louisiana, Department of Highways No. 51614 on the Docket of the 19th Judicial District Court, Parish of East Baton Rouge.
After this suit was filed the Department of Highways called on the Marquette Casualty Company to defend the suit under their policy. Marquette Casualty Company refused, but under a written non-waiver agreement executed by them and the Department of Highways, did furnish counsel to assist the attorneys for the Department of Highways in the defense of this suit. Marquette Casualty Company by so furnishing counsel did not waive any of the rights it might have and it denied any and all liability under said policy contract.
The policy of automobile liability insurance No. AC-4878 issued to the Department of Highways of the State of Louisiana was dated August 20, 1951 and expired on August 20, 1952. Since that date Marquette Casualty Company has not insured motor vehicles operated by the Department of Highways.
In this last suit No. 51614 the Department of Highways assisted by counsel of the Marquette Casualty Company filed Exception of Estoppel, unconstitutionality of Act 676 of 1954 and lis pendens. The plea of lis pendens was based on the pendency of the original suit filed in Orleans Parish. This suit was dismissed on August 28, 1955 only in so far as the Department of Highways was concerned. The trial judge then overruled all the other exceptions filed on behalf of the defendant. The case was tried on the merits and judgment rendered in favor of the plaintiff and against the Department of Highways in the amount of *28 $5000.00 plus costs. This judgment was affirmed but amended by the Court of Appeals, First Circuit, which increased the judgment slightly. This decision is reported in 91 So.2d 56 and subsequently the Supreme Court of the State of Louisiana refused writs.
After obtaining judgment against the Department of Highways of the State of Louisiana plaintiff brought this suit against the Marquette Casualty Company to force that company to pay the claim under its policy insuring the Highway Department. The Department of Highways intervened and joined with the plaintiff in demanding that defendant pay the judgment. Subsequently the Department of Highways paid Bennie Tucker, and was subrogated to his rights against the defendant.
To this last suit the Marquette Casualty Company filed an answer and in addition the following pleas:
(1) Plea of Res Judicata
(2) Exception to Constitutionality of Act 676 of 1954
(3) Plea of Estoppel
(4) Plea of Prescription
(5) Additional Plea of Unconstitutionality of Act 676
(6) An exception of no right or cause of action
Both exceptions and merits of the case were submitted to the court for disposition pursuant to the stipulation of facts. The trial judge overruled all the pleas and exceptions and rendered judgment in favor of the Department of Highways, State of Louisiana, intervenor appellee herein.
From this judgment Marquette Casualty Company has brought this appeal.
According to the policy of the Marquette Casualty Company No. AC 4878, insurance as to bodily injury liability had a maximum of $10,000.00 for each person injured as a result of the negligent operation of a vehicle belonging to the Department of Highways. In addition the company agreed “to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at the time resulting therefrom, sustained by any person caused by accident and arising out of the ownership, maintenance or use of the automobile.” The company further agreed under Section 2, page 2 as follows:
“(a) defend any suit against the insured alleging such injury, sickness, disease,, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * *.
“(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of the judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company’s liability thereon; * * *.
“(e) reimburse the insured for all reasonable expenses other than loss of earnings, incurred at the company’s request.”
The defendant-appellant, Marquette Casualty Company in its Brief adopted as specification of errors the syllabus and questions raised in the Brief as its assignment of errors. This is mainly the failure of the court to sustain the various pleas filed herein.
The intervenor appellee, Department of Highways, contends that it is a legal obligation of the State of Louisiana to pay the judgment of the plaintiff, Bennie Tucker, and as a result the Marquette Casualty Company should in turn pay the amount fixed by the court under its insurance pol *29 icy, Section 1, Coverage B,. page 2 of the said policy.
We will first take up the appellant’s plea of Res Judicata. This plea is based on the judgment rendered in suit No. 47948 supra, wherein the court sustained the plea of prescription filed by the defendant, Marquette Casualty Company to Tucker’s suit. They claim that the suit now before this court grows out of the same alleged cause of action based on the automobile accident which occurred on or about May 26th, 1952.
This plea of Res Judicata was overruled in Suit No. 51614 which decision was affirmed by the Court of Appeals. 91 So.2d 56. It is true that Marquette Casualty Company was not a party to this suit but their attorneys assisted in the defense of it by agreement.
Under LSA-Revised Civil Code of Louisiana Article 2286 there are three (3) requisites to be satisfied to sustain a plea of Res Judicata:
“[1.] The thing demanded must be the same.
“[2.] The demand must be founded on the same cause of action.
“[3.] The demand must be between the same parties, and formed by them against each other in the same quality.”
The suit No. 47948 was a suit for damages brought under the direct action statute by Bennie Tucker against Marquette Casualty Company. It was based upon the accident of May 26, 1952.
The instant suit is a suit brought on a contract of insurance which is a different cause of action. All question of the damages had been settled by the decision of the Court of Appeals, Tucker v. State, 91 So.2d 56. Therefore the plea of Res Judicata fails to satisfy the requisites necessary to sustain it and the court properly overruled it. (See also Lloveras v. Reichert, 197 La. 49, 200 So. 817)
The next proposition to be taken up is the Exception to the Constitutionality of Act 676 of 1954. Defendant appellant argues that this Act is unconstitutional, null and void for the reason it impairs the obligations of contract between the Department of Highways and the Marquette Casualty Company, constituting an abridgment of contract and amounts to a deprivation of property without due process of law in so far as Marquette is concerned, all as is prohibited by Article 1, Section 2 of the Constitution of Louisiana LSA, and the due process of law of the Constitution of the United States.
This Act does these things :
(a) It authorizes a suit to be brought against the State of Louisiana, through the Department of Highways.
(b) It fixes a method of procedure and a place of jurisdiction.
(c) It fixes a prescriptive period which did not heretofore exist as to this particular cause of action.
The Act merely authorized the filing of a suit against the State of Louisiana through the Department of Highways; fixed a method of prosecution and a place of jurisdiction and a prescriptive period which heretofore did not exist as to this particular cause of action.
It has long since been the policy of this state to waive the state’s immunity from suit and permit tort actions against the state as well as its various subdivision departments and agencies. Article 3, Section 35 of the Louisiana Constitution of 1921 provided for legislative authorization of suits against the state in the manner therein provided. Until the advent of Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594, which decision was followed in Stephens v. Natchitoches Parish School Board, 238 La. 388, 115 So.2d 793, innumerable actions of the kind with which we are here concerned were filed against the State of Louisiana, its agencies and political subdivisions predicated upon legislative acts *30 similar to Act 676 of 1954 which is the basis of the plaintiff’s action herein. As initially drafted by the framers of the 1921 Constitution, Article 3, Section 35, merely'provided for institution of suits against the state, the article providing inter alia: “Whenever the Legislature shall authorize suit to be filed against the State, it shall provide the method for citing the State * *
In Duree v. Maryland Casualty Co., supra, the question of waiver of the state’s sovereign immunity from tort liability as well as its immunity from suit was raised for the first time, it being therein contended that there is a difference and distinction between the state’s immunity from suit and its immunity from tort liability. It was therein further contended that the constitutional provision then in force did not authorize legislative waiver of the state’s inherent sovereign immunity from tort liability but only the state’s immunity from suit and that, therefore, the legislative act which authorized said plaintiff’s suit was unconstitutional, null and void for the reason that although the legislature was authorized to waive the state’s immunity from suit, it possessed no constitutional authority to waive immunity from tort liability. The contention advanced was affirmed and plaintiff’s suit dismissed. The Duree and Stephens decisions, supra, unquestionably, brought about the amendment to Article 3, Section 35 of our State Constitution proposed by Act 621 of 1960 which was adopted and approved by the electorate November 8, 1960. It is unnecessary to quote said amendment in full herein ; it suffices to say it expressly empowered the state legislature to waive both the state’s immunity from suit as well as immunity from liability in those instances wherein the latter immunity exists. In addition, the 1960 amendment specifically authorized the filing of a new suit by any party previously authorized by the legislature to sue and whose suit was dismissed on the ground the state’s immunity from liability had not been waived. Defendant herein is charged with knowledge of said constitutional provision and is presumed to know that pursuant thereto the legislature has on innumerable occasions waived not only the state’s immunity from suit and liability but also accrued prescription thus permitting an injured party to seek redress against the state or an agency thereof for an alleged tortious injury. Under such circumstances, it can only be assumed that the state’s power to waive such immunity constitutes an implied provision of defendant’s contract of insurance with the Department of Highways. In view of the state’s long standing policy in this regard, it must further be assumed that defendant insurer was fully aware and cognizant thereof, impliedly consented thereto and issued the policy knowing that such waivers would be granted in the discretion of the state legislature. Waivers of such nature deprive the insurer of no defense to the merits of any asserted claim neither does it constitute an admission of liability on the part of the state, both of which actions are expressly forbidden by the policy.
It must be assumed that defendant insurer contemplated its assured would be subjected to litigation under circumstances identical with those herein present. Indeed, in this regard, the present circumstances represent the only instance in which the Department of Highways could become legally answerable for the torts of its employees and therefore be in need of liability insurance to protect it from financial loss. This is unquestionably true because in the absence of legislative waiver of immunity, the insured is not amenable to plaintiff’s claim.
Under the policy in question the defendant insurer is obligated to defend all suits against its insured and pay all claims for which said insured may become legally liable. Our examination of the policy reveals no provisions therein releasing the insurer from the obligation to defend suits filed subsequent to the expiration of the one year prescriptive period prevailing in tort actions. Neither do we find therein language relieving defendant of the obligation *31 of paying judgments obtained in suits filed pursuant to legislative authorization granted subsequent to expiration of the one year prescriptive period. To hold that the state’s waiver of prescription or that the waiver of its immunity from suit or tort liability impairs the obligation of the insurance contract by depriving defendant of such defense would in our judgment constitute the insurance agreement a unilateral contract totally devoid of consideration in favor of the state. To avoid financial obligations resulting from plaintiff’s claim, the Department of Highways neither needs nor requires liability insurance; its inherent sovereign immunity from tort coupled with its immunity from suit without the prior consent of the state legislature, is the most effective insurance imaginable. Unless the immunity to which intervenor is entitled as a department of the state is voluntarily relinquished by the state legislature pursuant to the hereinabove quoted constitutional provision, intervenor’s invulnerability to plaintiff’s claim is complete and absolute. Obviously, therefore, the only purpose for which intervenor desired the insurance in question was to protect itself from financial loss in those instances wherein the legislature, exercising its constitutional prerogative, sees fit to waive the immunity to which intervenor is otherwise entitled in cases of this character. To maintain defendant’s contention is, in our judgment, tantamount to holding that the intervenor has paid defendant insurer premiums without consideration or obligation on the part of defendant insurer. This necessarily follows because to adopt defendant’s argument the policy issued by defendant insurer would thereby become unenforceable under the only circumstances wherein the insured sought to be protected could become liable to claimant. Stated otherwise, to conclude as defendant urges it to hold that the same act which gives rise to the 'insured’s liability (waiver of immunity) simultaneously effects cancellation of the policy thereby depriving the insured of the protection sought and as a result thereof rendering the policy utterly valueless to the insured.
We will next -take up defendant’s plea of estoppel. This plea is based on the fact that between the effective dates of the insurance policy of Marquette Casualty Company, AC 4878, August 20, 1951 and August 20, 1952 Bennie Tucker failed to file any purported claim against the Department of Highways of the State of Louisiana and the Marquette Casualty Company within one year from the date of the accident as provided by Article 2315 of the LSA-Civil Code of Louisiana. Marquette claimed that it had the right to rely on the prescriptive period of one year provided by law and further sets up that the waiver of the prescriptive period by the Legislative Act is an abridgment of the contract of insurance issued to the Department of Highways. This plea of estoppel was also urged in the suit of Tucker v. State No. 51614 and was overruled by the lower court, which ruling was sustained by the Court of Appeal, 91 So.2d 56. The Court of Appeal in affirming this decision held:
“The Judge below, who, with written reason overruled this plea stating that he was at a loss to understand how this defense was brought in face of the Act authorizing it. We agree and find no merit in this defense.”
The principle of estoppel is that the party urging the estoppel must have relied upon some position taken by the party to be estopped, and such reliance must have had a detrimental effect on the party urging the estoppel.
In the instant case there is no showing of any reliance upon the action taken by plaintiff, Bennie Tucker, nor upon any action taken by the intervenor, State of Louisiana. Tucker brought his suit against the Department of Highways under authorization of Act 676 of 1954 of the Legislature of Louisiana and intervenor, State of Louisiana, through the Department of Highways fought this case through to the final court ably assisted by able counsel of Marquette Casualty Company. We fail to see where there is any reliance upon any *32 act of the intervenor, which was case in a judgment duly affirmed by the Court of Appeals.
The next proposition to he considered is the plea of prescription based on the fact that the suit was filed more than one year after the date of the accident and under the laws of Louisiana the claim had prescribed. This plea is in addition to the one which was sustained by judgment of the lower court in which no appeal was taken.
The plea of prescription of one year is against any action of tort. This suit is an action on a contract of insurance which is prescribed by the prescription of ten years. (See also LSA-Civil Code, Articles 3534, 3536, and 3544) (See also Levin’s Auction Exchange v. Samuels, La.App., 28 So.2d 340)
Again we state that the tort action has been adjudicated by our court and this present suit is one to enforce the contract of insurance entered into between the defendant and the intervenor. This action is prescribed by ten years.
“Conclusiveness of Judgment against Insured. — As a general rule and in the absence of fraud and collusion, if a liability insurer who has a right to defend actions against the insured has timely notice of such an action and defends or elects not to defend, the judgment in such case is binding upon the insurer, as to issues which were or might have been litigated therein, when the insurer is later sued by the injured person.” American Jurisprudence Vol. 29, page 813, Section 1084. (See also Lawrason v. Owners’ Automobile Ins. Co. of New Orleans, 172 La. 1075, 136 So. 57, 77 A.L.R. 1412.)
The next point to be taken up is the appellant’s additional plea of unconstitutionally of Act 676 of 1954.
This additional exception is based on the allegation, in so far as Marquette is concerned, that the Act violates Article 4, Section 4 of the Constitution of the State of Louisiana in that it is a local or special law concerning a civil action prohibited by the Constitution of Louisiana. The exception is based on the proposition that the Constitution of Louisiana prohibits the Legislature from granting any corporation, association, or individual any special or exclusive right, privilege or immunity, and that said Act as far as Marquette is concerned purports to grant to the plaintiff herein a special right, privilege and immunity, all of which is violative or contrary to the provision of the Constitution. It further argued that said Act attempts to grant to the plaintiff the right to assert a claim against Marquette which has prescribed, granting of which is prevented by said Article and Section of the Constitution in so far as Marquette is concerned.
This is another way of attempting to plead the prescription which was originally sustained in Suit No. 47948.
This proposition of law has already been passed upon by our court and writs denied by the Supreme Court. The case of Stephens v. Natchitoches School Board, La.App., 96 So.2d 396, held:
“The constitutionality of House Bill No. 113 is attacked upon the ground that such enactment confers upon plaintiff a special or exclusive right, privilege and immunity contrary to the prohibition contained in LSA-Const. Art. IV, Section 4. This contention is likewise without merit. A statute authorizing a particular individual to sue that State or one of its agencies on a claim is not subject to the objection of this section that it grants a special right or privilege, as it adds nothing to its rights, simply giving him permission to have such rights judicially determined. Carter v. State, 49 La.Ann. 1487, 22 So. 400.”
There is no merit to this plea.
*33 The next exception is one of no cause or right of action based on all the facts and allegations in this matter, including all records of the various suits referred to in the stipulation filed herein. We believe we have covered this exception by our comments heretofore.
This brings us to the merits of the case. This allegation is set forth in Paragraph 9 of the answer of Marquette which alleged that the policy issued to the Department of Highways contained the following provision:
“The insured shall cooperate with the company and upon the company’s request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining attendance of witnesses, and in the conduct of suits. The insured shall not, except at his own costs, voluntarily make any payment, assume any obligation, or incur any expenses other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.”
The appellant argues that notwithstanding this provision the Legislature of Louisiana violated it by authorizing a claim to be filed against the Department of Highways which had prescribed, waived prescription and permitted a suit against its agency which was insured by Marquette.
It is further argued in Paragraph 12 of Marquette’s answer the policy contract did not apply:
“(b) under coverages A and B to liability assumed by the insured under any contract or agreement; * *
The defendant attempts to make Act 676 of 1954 an assumption of liability by the Department of Highways within the meaning of the terms of the contract. In other words, they claim that the Department of Highways had assumed liability under and by virtue of said Act.
Appellant further argues that the insured may not arbitrarily or unreasonably decline to assist automobile liability insured in making a fair and legitimate defense or refuse to permit any defense to be made in its name in suit against it upon claim covered by policy requiring cooperation by insured and if it does so its rights under the policy are forfeited.
The facts show that the Department of Highways never made any payment to plaintiff prior to judgment, never assumed any obligation to plaintiff nor has it incurred any expenses on behalf of insurer except the expenses of defense which has not been paid. The adoption of Act 676 of 1954 by the Legislature of Louisiana was not the act of the assured. The Department of Highways in defense of the suit No. 51614 filed a plea attacking the constitutionality of Act 676 of 1954 which plea was overruled by the trial court which ruling was affirmed by the Court of Appeal. In defense of this suit the attorneys for the Department of Highways were assisted by the attorneys for Marquette Casualty Company. The Department of Highways even applied to the Supreme Court for writs which were refused.
To say under these circumstances that the Department of Highways assumed liability or waived prescription or otherwise violated the contract with Marquette Casualty Company has no logical basis.
The court holds that under its contract of insurance with the Department of Highways of the State of Louisiana the Marquette Casualty Company is obligated to pay and satisfy this judgment.
For the foregoing reasons it is ordered that the judgment of the lower court be affirmed.
Affirmed.