168 So.2d 418 (1964)
Vermae SOIREZ et al., Plaintiffs and Appellants,
v.
GREAT AMERICAN INSURANCE COMPANY, Defendant and Appellee.
No. 1245.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1964.
*419 Bush & Moresi, by Toxie L. Bush, Jr., Abbeville, for plaintiffs-appellants.
Davidson, Meaux, Onebane & Donohoe, by J. J., Davidson, Jr., Lafayette, for defendant-appellee.
Before CULPEPPER, SAVOY and HOOD, JJ.
HOOD, Judge.
This is an action instituted by Mrs. Vermae Soirez Duhon and by her husband, Joseph O. Duhon, Sr., arising out of a motor vehicle accident which occurred on January 1, 1962, involving an automobile owned and being driven by Mr. Duhon. The suit was instituted against Great American Insurance Company, the liability and medical payments insurer of Mr. Duhon. Mrs. Duhon was riding as a guest passenger in the automobile at the time the accident occurred, and she demands damages for personal injuries allegedly sustained by her as a result of that accident. Mr. Duhon, as head and master of the community, seeks to recover medical expenses alleged to have been incurred in connection with the treatment of his wife's injuries, and he also demands penalties and attorney's fees.
The suit was instituted on May 14, 1963, which was more than sixteen months after the date on which the accident occurred. Defendant filed an exception of prescription of one year to Mrs. Duhon's demands. After trial of this exception, judgment was rendered by the trial court on February 20, 1964, sustaining the exception of prescription and dismissing Mrs. Duhon's suit for damages, but reserving to Mr. Duhon the right to prosecute his claim for medical expenses. Mrs. Duhon has appealed from that portion of the judgment which dismisses her action for damages.
At the hearing which was held on the exception of prescription the defendant deposited the sum of $1,000.00 in the registry of the court, which deposit constituted a tender to Mr. Duhon as full settlement of his claim for medical payments. After trial on the merits of Mr. Duhon's demands for medical expenses and penalties, judgment was rendered by the trial court on April 20, 1964, directing the Clerk of Court to pay to Mr. Duhon the $1,000.00 which had been deposited in the registry of the court, but rejecting all of the other demands of Mr. Duhon and condemning him to pay all costs of the suit. Mr. Duhon has appealed from the portion of that judgment which rejects his demands for penalties and attorney's fees and which condemns him to pay the costs of this suit.
Plaintiffs contend primarily that the trial court erred in holding that Mrs. Duhon's claim for damages has been extinguished by prescription of one year. They correctly point out that a wife cannot maintain an action in tort against her husband as long as the marriage continues, and that prescription cannot run against a cause of action which has not accrued or while that cause of action cannot be exercised. See LSA-R.S. 9:291; and Saltalamacchia v. Strachan Shipping Corp., La.App. 4 Cir., 156 So.2d 291. Plaintiffs argue that the defendant in this case, as the insurer, stands in the same position as does the insured, and that the defendant accordingly can urge no defense which is not available to Mr. Duhon. They contend that since the insured could not successfully urge a plea of prescription to his wife's claim for damages, then neither is such a plea or defense available to the defendant insurer.
Plaintiffs argue further that Mrs. Duhon's action against defendant is not one in tort, but that it is an action ex contractu, based on the contract of insurance entered into between the defendant and Mr. Duhon. They contend that there is no independent tort liability on the part of defendant toward Mrs. Duhon, that defendant's alleged liability arises solely from its contractual obligation to Mr. Duhon, that pursuant to the contract of insurance the defendant will continue to be obligated to pay the damages due Mrs. Duhon as long as she continues to have a cause of action against the insured under the policy, and that since her *420 cause of action against Mr. Duhon has not been extinguished by prescription she has a right to maintain a direct action against the insurer for the damages which she sustained.
Although there appears to be considerable logic in this argument, we think our jurisprudence has been settled to the effect that an action such as this is an action ex delicto, and that it is subject to prescription of one year as provided in LSA-R.C.C. Article 3536. In Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488, the plaintiff instituted a direct action for damages against the liability insurer of the driver of the automobile. The defendant insurer filed an exception of prescription of one year, which exception was maintained by the trial court. Our Supreme Court, although remanding the case for other reasons, held that the direct action filed by the injured third person against the liability insurer of the driver "is essentially and fundamentally a tort action," and that:
"This being an action ex delicto, it is clear under article 3536 of the Revised Civil Code that plaintiff's claim is prescribed in one year, unless it can be said that the prescription was interrupted by filing the original petition."
We agree with plaintiffs that although Mrs. Duhon may have a cause of action against her husband for the damages which she sustained, she does not have a right of action against him and thus she is prevented from maintaining a tort action against him. And, the well established general rule is that prescription cannot run against a cause of action which cannot be exercised.
In a case such as this, however, where the husband is covered by liability insurance, the wife may have a cause of action and a right of action against her husband's insurer for the damages which she sustained, although she cannot maintain an action against her husband for such damages. LSA-R.S. 22:655; Landrum v. United States Fidelity & Guaranty Company, La. App. 3 Cir., 151 So.2d 701. In such a case, the wife is not prevented from exercising her cause of action against the insurer, and thus there is no reason why prescription should not accrue against such a claim.
Plaintiffs cite the case of Tucker v. Marquette Casualty Company, La.App. 1 Cir., 138 So.2d 25 (cert. denied), as authority for the argument that the exception of prescription is not available to the defendant in the instant suit. In the Trucker case the plaintiff first obtained a judgment against the Louisiana Department of Highways for the damages which he sustained. He then instituted a separate action against the liability insurer of the Department of Highways to force that company to pay the claim under the policy which it had issued to the Department. The Department of Highways intervened, joining plaintiff and demanding that defendant pay the judgment. Thereafter, the Department of Highways paid the amount of the judgment to plaintiff and became subrogated under plaintiff's rights. Judgment then was rendered in favor of the Department of Highways (the insured) against Marquette Casualty Company (the insurer). Our Supreme Court, in concluding that the trial court had properly overruled the plea of prescription of one year filed by the defendant, held that this was not an action in tort, but was "an action on a contract of insurance which is prescribed by the prescription of ten years." The Tucker case, therefore, is readily distinguishable from the instant suit, in that here the plaintiff's tort claim has not been reduced to judgment and the action in the instant suit is not between the insured and the insurer.
We conclude that the trial court correctly held that Mrs. Duhon's claim for damages against the defendant insurer has been extinguished by the prescription of one year, as provided in LSA-R.C.C. Article 3536. The judgment of the trial court dismissing the suit as to Mrs. Duhon therefore must be affirmed.
The evidence shows that medical expenses in excess of $1,000.00 were incurred *421 by the community in connection with the treatment of the injuries which Mrs. Duhon sustained as a result of the accident. In the policy which was issued to Mr. Duhon, the defendant obligated itself to pay medical expenses, regardless of fault, in the maximum amount of $1,000.00 for each person who sustains bodily injury caused by the accident while occupying the insured automobile. Defendant concedes that it is indebted to Mr. Duhon for the sum of $1,000.00, and no question is raised as to that part of the trial court's judgment which ordered the clerk to pay that amount to Mr. Duhon from the deposit which was made in the registry of the court. The important issue presented here, however, is whether Mr. Duhon also is entitled to recover penalties and attorney's fees.
Plaintiff contends that the defendant has been arbitrary and capricious in failing to pay the maximum amount due under the policy as medical expenses, and that for that reason he is entitled to recover penalties and attorney's fees, as provided in LSA-R.S. 22:658. The defendant contends that it has always been ready and willing to pay the maximum amount due under the policy as medical expenses, but that it did not do so before suit was filed because Mr. Duhon refused to furnish defendant with a written proof of claim, as required by the policy, and that defendant had been informed by plaintiffs' counsel that plaintiffs would not accept payment of the medical expenses until the tort claim of Mrs. Duhon also was settled.
The trial judge concluded that the defendant had not been arbitrary, capricious or without probable cause in failing to pay the amount due under the policy for medical expenses, because the defendant insurer had been informed by plaintiffs' counsel that payment of the medical expenses would not be accepted by plaintiffs until there had been a settlement of the tort claim of Mrs. Duhon. The trial judge also found that the defendant had been willing from the outset to pay the obligation but had been prohibited from doing so by plaintiffs' counsel. In rejecting Mr. Duhon's demands for penalties and attorney's fees, the trial judge said:
"The evidence adduced shows that Counsel for plaintiff had advised the husband not to accept payment for medical expenses until the claim for personal injuries by the wife were settled.

* * * * * *
"The letters of November 29th and 30th of 1962 by plaintiff's counsel setting forth the medical bills and demanding payment must be considered in connection with settlement of the liability claim as it is admitted that plaintiff's counsel advised his client not to settle for the medical expenses until settlement could be made on the liability claim.

* * * * * *
"Furthermore, it is clear that the insurance company was willing from the outset to pay the obligation and in fact had tried to pay but was prohibited from doing so by plaintiffs' counsel.

* * * * * *
"Certainly under these circumstances the company cannot be held to have been `arbitrary, capricious or without probable cause' for not paying before this suit was filed and should not be assessed penalties."
We think the evidence supports the conclusions reached by the trial court that the insurer was advised by plaintiffs' counsel to the effect that payment of the medical expenses due by the defendant would not be accepted unless a settlement of the tort claim of Mrs. Duhon also was effected. Under those circumstances, and particularly since it appeared that the payment would not be accepted, we conclude that defendant was justified in failing to make that payment promptly. We conclude, as did the trial judge, that the defendant was not arbitrary, capricious or without probable cause in failing to pay the amount due as medical expenses prior to the institution of this suit. The trial court, therefore, correctly *422 rejected Mr. Duhon's demands for penalties and attorney's fees.
Finally, Mr. Duhon contends that the trial court erred in assessing all costs of the suit to him.
The law provides that an appellate court may tax the costs of the lower court against any party to the suit as in its judgment it may consider equitable. LSA-C.C.P. Article 2164.
The evidence shows that no formal tender of the amount which defendant admittedly owed as medical expenses was made before the suit was instituted. The tender which was made after the filing of this suit did not include the costs which had been incurred up to that time, and the record does not show that the defendant has ever tendered or offered to pay the court costs which plaintiff incurred prior to the time the tender was made. Although defendant was not arbitrary or capricious in failing to make a tender of the amount due, and thus it is not liable for penalties and attorney's fees, we think the defendant should be cast for the costs of court since the tender was not made before suit was filed and the tender which was made after the suit was instituted did not include the costs which had accrued up to that time.
We find no merit to defendant's argument it was under no obligation to pay the medical expenses until a written proof of claim on a form specified by the insurer had been furnished. The policy provides simply that "as soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, * * *." In this case the plaintiff did submit written statements of the medical and hospital bills which had been incurred in the treatment of Mrs. Duhon's injuries, and these statements were accepted by defendant as being the correct amount due for such expenses. There is nothing in the record to show that the company ever required that the written proof of claim be under oath. We think the statements which were furnished to the insurer constituted adequate written proof of claim.
For the reasons herein set out, the judgment of the trial court rendered on February 20, 1964, dismissing the demands of Mrs. Vermae Soirez Duhon is affirmed. The judgment of the trial court rendered on April 20, 1964, is amended to provide that the defendant, Great American Insurance Company, is condemned to pay all costs of this suit, and in all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellee.
Amended and affirmed.