LEAR, Judge.
This suit grows out of an elevator accident on the premises of Charity Hospital of Louisiana at New Orleans, which occurred on or about August 15, 1965.
Although on the date of the accident there was outstanding a policy of liability insurance issued in favor of the State of Louisiana by defendant Fireman’s Fund Insurance Company covering the operation and maintenance of this elevator, plaintiff did not elect to bring a direct action against the insurer alone until he was prepared to join the insurer and the State of Louisiana, Department of Hospitals, as co-defendants.
Accordingly, he obtained the passage of House Concurrent Resolution No. 34 of the 1966 extra session of the Louisiana legislature, whereby the legislature authorized the filing of suit “ * * * upon his claim for damages for personal injuries alleged to have been sustained as a result of an accident * * * all as alleged to be caused by the negligence of officers, agents and/or employees of the Department of Hospitals”, waiving the immunity of the State and its political subdivision from such suit and the liability therefrom and otherwise providing with respect to the procedure to be followed in such litigation.
Thereupon, on January 31, 1967, plaintiff instituted this suit against the insurer and the State of Louisiana, in solido, alleging certain damages caused by the personal injuries and the medical expenses incurred as the result of the accident.
The petition was predicated upon the doctrine of res ipsa loquitur, or, in the alternative, on the allegation of certain specified acts of negligence of the agents, employees or officers of the State of Louisiana.
The State of Louisiana, Department of Hospitals, answered, denying all negligence on the part of any employee, agent or officer thereof, and, in the alternative, pleading the alleged acts of contributory negligence of the plaintiff.
Defendant Fireman’s Fund Insurance Company filed an exception of prescription of one year, which was maintained by the district court, and this appeal followed.
Plaintiff’s contentions are two-fold: First, that the direct action statute (LSA-R.S. 22:655) actually creates a stipulation pour autrui in favor of petitioner, which has the effect of converting his action against the insurer into one ex-contractu, giving rise to a ten-year prescriptive period; secondly, that since the State of Louisiana and its liability insurer are liable, in solido, to petitioner, the waiver of prescription by the State has also the effect *122 of waiving prescription as to the State’s insurer.
The character of an action under the direct action statute has clearly been defined to be one ex-delicto and therefore subject to the prescription of one year in the case of Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488. See also the opinion of this court in Soirez v. Great American Insurance Co. (La.App.), 168 So.2d 418.
Though the interruption of prescription as to one in solido obligor may interrupt prescription as to all other such obligors, an entirely different situation is presented in a case such as we have here where one solidary obligor is immune from suit without reference to the question of prescription. A similar situation is presented where the husband is covered by liability insurance and the wife suffers the injuries and damages. In that event, the wife has a cause of action against both the husband and the insurer, but has a right of action only against the insurer. See Landrum v. United States Fidelity & Guaranty Co. (La.App. 3rd Cir.), 151 So.2d 701. Again, Soirez, supra, comes forward to help us. In that case, it was said:
“In such a case, the wife is not prevented from exercising her cause of action against the insurer, and thus there is no reason why prescription should not accrue against such a claim.”
Tucker v. Marquette Casualty Co. (La.App. 1st Cir.), 138 So.2d 25 (certiorari denied), offers no comfort to petitioner herein. That matter involved litigation between the insured and the insurer and hence was obviously a suit ex-contractu, demanding the application of the ten-year prescriptive period.
For the reasons above assigned, the judgment of the district court is affirmed.
Affirmed.