EVERETT, Judge.
This is an action by Calvin Noel, Jr. for the recovery of damages resulting from alleged wrongful arrest, battery and false imprisonment stemming from an incident which occurred on May 8, 1970 in St. Martin Parish, Louisiana. The State of Louisiana, through its Director, the Department of Public Safety, Harold J. Guidry and John A. Dupuis of the Louisiana State Police and American Home Assurance Company are named as defendants.
In June, 1971, more than one year after the date that the alleged damages were sustained, Calvin Noel, Jr. was authorized *641 by House Concurrent Resolution No. 474 to file suit against the State of Louisiana, through the Department of Public Safety, pursuant to statutory and constitutional authorities. A reading of the preamble to the concurrent resolution reveals that the State of Louisiana additionally waived prescription and peremption, as well as immunity, from the prospective suit by Calvin Noel, Jr.
The action was commenced during January of 1972, within a year from the date that the concurrent resolution was originated and promulgated but more than one year from the date that the alleged injuries were sustained.
Individual peremptory exceptions of prescription were filed on behalf of Harold J. Guidry and John A. Dupuis. The answer was filed on behalf of the State of Louisiana, through its Director and the Department of Public Safety concurrently with the respective peremptory exceptions of prescription filed on behalf of the individual defendants. In May of 1972, a supplemental and amended petition was filed joining the American Home Assurance Company which had been designated the “John Doe Insurance Company” apparently because the name of the insurer was unknown in the original petition. A peremptory exception of prescription on behalf of American Home Assurance Company was promptly filed after the supplemental and amending petition.
The District Court sustained the respective peremptory exceptions of prescriptions filed on behalf of John A. Dupuis, Harold J. Guidry and American Homes Assurance Corporation, leaving only the State of Louisiana and the Department of Public Safety as parties defendant.
The District Court did not assign written reasons for rendering judgment in favor of the exceptors but it is clear that it did not believe that the waiver of immunity, prescription and peremption on behalf of the State did in any way interrupt, suspend or otherwise waive prescription in favor of the excepting parties. The excepting parties urged that the State of Louisiana did not attempt to waive prescription or peremption as to the defendants, Du-puis, Guidry and American Home Assurance Company, and, even if the legislature intended to waive these rights or defenses, the legislature did not have the power to do so.
Calvin Noel, Jr. submits that the facts now before the Court are unique and there is no controlling jurisprudential authority and no compelling public policy which would prevent the legislature from waiving these rights and defenses which might inure to the benefit of the excepting parties.
We agree with the appellant that we can find no case which is truly parallel to the present one; however, we cannot find any authority or any logical system of reasoning which would allow the State of Louisiana, through the legislature to waive rights or defenses of private third parties by legislative act. Additionally, we do not think that either Duncan v. City of Pineville, 192 So.2d 664 (La.App. 3rd Cir., 1966) or Franks v. City of Alexandria, 128 So.2d 310 (La.App. 3rd Cir., 1961) are controlling. Both of those cases involve dissimilar facts and essentially different issues of law.
We hold that the State of Louisiana could not, even if it was its intention, waive any defense, immunity or right of any third party by legislative act and any effort to construct that act as doing so is without merit.
Affirmed.