284 So.2d 587 (1973)
Calvin NOEL, Jr.
v.
STATE of Louisiana et al.
No. 53299.
Supreme Court of Louisiana.
October 29, 1973.
*588 Charles H. Finley, Lafayette, for plaintiff-applicant.
Emile C. Rolfs, III, Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for defendants-respondents; Barton Eaton, Gen. Counsel, Louisiana Dept. of Public Safety Division of State Police, Baton Rouge, of counsel.
SANDERS, Chief Justice.
The plaintiff in this action, Calvin Noel, Jr., seeks damages for wrongful arrest, battery and false imprisonment, all of which allegedly took place following an automobile accident on May 8, 1970. The original defendants were the State of Louisiana, through the Department of Public Safety, and officers Harold J. Guidry and John A. Dupuis of the Louisiana State Police. The American Home Assurance Company, also a defendant, was joined by supplemental petition as the State's liability insuror.
Noel filed this action on December 30, 1971, some 19 months after the incident, but within the time fixed by House Concurrent Resolution No. 474, a resolution authorizing the plaintiff to proceed against the State through the Department of Public Safety. That legislative resolution specifically waived prescription and peremption.
All defendants other than the State, however, responded to the action with exceptions of prescription. The trial court sustained these exceptions and dismissed suit as to each of the two state troopers and as to the American Home Assurance Company.
The Court of Appeal for the First Circuit affirmed the dismissals. 271 So.2d 640. We granted certiorari, at 275 So.2d 779, to review that judgment.
House Concurrent Resolution No. 474 of 1971, granted legislative consent for numerous claimants to sue the State or designated agencies of the State. The paragraph relating to the present plaintiff provided:
"(8) Calvin Noel, individually, is hereby authorized to file suit (and/or to prosecute any suit now pending), against the state of Louisiana, through the Department of Public Safety, upon a claim for damages alleged to have been sustained by reason of an automobile accident and subsequent investigation which occurred at or near Arnaudville, Louisiana, on or about May 10, 1970 and which is alleged to have been caused by the negligence of the officers, agents and/or *589 employees of the said Department of Public Safety. The state of Louisiana, through the Department of Public Safety may be cited and served by citation and service on Director of the Department of Public Safety and on the Attorney General of Louisiana, and the suit herein authorized may be instituted before the Nineteenth Judicial District Court in and for the parish of East Baton Rouge or before the Sixteenth Judicial District Court in and for the parish of St. Martin."
A subsequent paragraph of the resolution provided:
"[T]he defendants in any of the suits instituted under the authority of this Resolution shall not be entitled to file a plea of prescription or peremption barring said suit, provided that any suit is filed by or not later than December 31, 1971 . . ."
The first question presented is whether the waiver contained in the concurrent resolution had the effect of waiving prescription as to state police officers, Guidry and Dupuis.
We think not. The language of the resolution waiving prescription applies to the governmental defendants named in the resolution, that is, to the State of Louisiana or its designated agencies. This construction is fortified by Article 3, Section 35 of the Louisiana Constitution, the organic basis for the resolution, which authorizes the waiver of prescription "against the state or any other public body."
We hold, therefore, as did the Court of Appeal, that the suit against the individual defendants, Harold J. Guidry and John A. Dupuis, has prescribed.
More difficult is the question whether the one-year prescription has run against the American Home Assurance Company, the liability insuror of the State and Department of Public Safety. The Court of Appeal sustained the plea, stating:
"[W]e cannot find any authority. . . which would allow the State of Louisiana, through the legislature to waive the rights or defenses of private third parties by legislative act."
We disagree. For most purposes, a public liability insuror stands in the shoes of the insured. See Shaw v. New York Fire & Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416 (1968). In the present case, this is true as to prescription.
The Direct Action Statute, LSA-R.S. 22:655, makes the insuror liable to the claimant in solido with its insured. Thus, since the present suit was timely as to the insured, it was also timely as to the insuror. No inequities are created, because when an insuror provides coverage for the state or one of its agencies, legislative authorization for suit is contemplated.
In a different context, this point was emphasized by the Court of Appeal in Tucker v. Marquette Casualty Company, La.App., 138 So.2d 25 (1962), when it stated:
"In addition, the 1960 amendment [to Article 3, Section 35 of our State Constitution proposed by Act 621 of 1960] specifically authorized the filing of a new suit by any party previously authorized by the legislature to sue and whose suit was dismissed on the ground the state's immunity from liability had not been waived. Defendant herein is charged with knowledge of said constitutional provision and is presumed to know that pursuant thereto the legislature has on innumerable occasions waived not only the state's immunity from suit and liability but also accrued prescription thus permitting an injured party to seek redress against the state or an agency thereof for an alleged tortious injury. Under such circumstances, it can only be assumed that the state's power to waive such immunity constitutes an implied provision of defendant's contract of insurance *590 with the Department of Highways. In view of the state's long standing policy in this regard, it must further be assumed that defendant insurer was fully aware and cognizant thereof, impliedly consented thereto and issued the policy knowing that such waivers would be granted in the discretion of the state legislature. Waivers of such nature deprive the insurer of no defense to the merits of any asserted claim neither does it constitute an admission of liability on the part of the state, both of which actions are expressly forbidden by the policy."
American Home Assurance contends that by virtue of prescription this suit cannot be maintained and that the remedy of the state, in the event judgment is rendered against it, is to bring a separate action ex contractu on the insurance policy. See Tucker v. Marquette Casualty Company, supra.
American Home Assurance relies upon the decision of the Court of Appeal in McDaniel v. Fireman's Fund Insurance Company, La.App., 211 So.2d 120 (1968). There, the intermediate court held that when one-year had elapsed from the time of the tort, the claim against the public liability insuror of the state was prescribed, though by virtue of legislative authorization, suit against the state was timely. After consideration, we reject this holding. It fails to give proper recognition to the principle that the public liability insuror is a solidary obligor with the state, standing in its shoes for prescriptive purposes. See LSA-C.C. art. 2090. The effect of the Court of Appeal holding is to bar the claimant's direct action under such circumstances. See LSA-R.S. 22:655. In barring the direct action, the holding gives rise to a multiplicity of suits.
We hold that the suit against American Home Assurance Company was timely insofar as it is the insuror of the State and Department of Public Safety.
For the reasons assigned, the judgment of the Court of Appeal maintaining the plea of prescription in favor of American Home Assurance Company as the State's insuror is reversed and the prescriptive plea is overruled. The case is remanded for further proceedings according to law. In all other respects, the judgment of the Court of Appeal is affirmed. The assessment of costs is to await the final outcome of the case.